**Charlotte GIPSON, as Personal Representative of the Estate of Delbert Gipson and Charlotte Gipson, Individually, Plaintiffs,**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation, Defendant.**

Civ. A. No. 81–71409.

United States District Court, E. D. Michigan, S. D.

Dec. 10, 1981.

Carol A. McNeilage, Detroit, Mich., for plaintiffs.

Jonathan E. Martin, Mount Clemens, Mich., for defendant.

OPINION

FEIKENS, Chief Judge.

Plaintiff filed this action on April 16, 1981 to collect on an insurance policy issued by defendant to her husband, Delbert Gipson. Gipson apparently made the deadly error in April of 1975 of attempting to rob a hotel which was hosting that same evening

---

a gathering of the local police force. Plaintiff filed a proof of loss within thirty days of her husband's death and defendant denied the claim within another couple of months.

Both parties have filed motions for summary judgment. Defendant claims the suit is barred by the three-year limitation on legal actions contained in the policy; plaintiff seeks a declaration that the death was "accidental." I will not address plaintiff's motion since even if the death was accidental, I find that the suit was filed almost three years beyond the limit legally provided by the policy.

The certificate of insurance, a copy of which is attached to plaintiff's response to defendant's motion, contains on the last page a provision limiting the time in which an action may be brought to three years from the deadline for claims. That provision reads:

Legal Actions: No action at law or in equity shall be brought to recover on the policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of the policy. *No such action shall be brought after the expiration of three years (or the minimum time, if more than three years, permitted by law in the state where the insured resides) after the time written proof of loss is required to be furnished* (Kansas: 5 years) (South Carolina: 6 years).

(emphasis added). Plaintiff claims that the parenthetical portion of the provision applies here and that the minimum time allowed by Michigan law is six years. She relies on M.C.L.A. § 500.4046(2) which reads:

500.4046 Prohibited provisions

Sec. 4046 No policy of life insurance other than industrial life insurance shall be issued or delivered in this state if it contains any of the following provisions:

.        .        .        .        .

(2) Limitation of actions. A provision limiting the time within which any action at law or in equity may be commenced to less than 6 years after the cause of action shall accrue.

The brief answer to plaintiff's argument is that Gipson's policy was not a life insurance policy but a disability policy. Further, the controlling section for disability policies, Section 500.3422, along with Section 500.3406, requires that disability policies issued within the state contain the following language:

Legal Actions: No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this policy. *No such action shall be brought after the expiration of 3 years after the time written proof of loss is required to be furnished.*

(emphasis added). The language of Gipson's policy, minus the parenthetical phrase, copies the statute word for word. The parenthetical expression then is obviously to be effective only in those states whose insurance laws allow a longer period than does Michigan for the filing of actions.

That this policy is a disability insurance policy and not a life insurance policy is evident from the reading of Section 500.606, one of the definition sections of the insurance code. This section defines "Disability insurance" as "insurance of any person against bodily injury or death by accident . . .". The same language is repeated in Section 500.3400 which defines the term "policy of disability insurance" as follows:

Sec. 3400 (1) The term "policy of disability insurance" as used in this chapter includes any policy or contract of insurance against loss resulting from sickness or from bodily injury or death by accident, or both . . .

The first paragraph of the policy here, considerably reduced for readability, reads: "THE COMPANY HEREBY CERTIFIES that the person identified above is insured . . . against loss . . . from bodily injuries caused by accident . . ."; and the specific coverage under which plaintiff seeks to collect reads:

Coverage A—Loss of Life, Limb or Sight Indemnity: If such injuries shall result in

any one of the following specific losses within one year *from the date of accident* . . .

(emphasis added). There are no other life insurance provisions in the certificate of insurance.

Plaintiff filed her complaint almost six years after her claim was denied, almost three years past the contractual limit. In light of the clear language of the statute and the policy, I have no choice but to grant defendant's motion for summary judgment and enter judgment in its favor.