Charles WETZEL, Plaintiff–Appellant,

v.

LOU EHLERS CADILLAC GROUP LONG TERM DISABILITY INSURANCE PROGRAM; Reliance Standard Life Insurance Company, Defendants–Appellees.

No. 97–56437

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 1999

Filed Sept. 7, 1999

Rehearing En Banc Granted Jan. 13, 2000

Argued and Submitted March 22, 2000

Filed July 26, 2000.

644

Ronald Dean, Pacific Palisades, California, for the plaintiff-appellant.

David A. Lingenbrink and Jennifer L. Kerzon, Galton & Helm, Los Angeles, California, for the defendants-appellees.

Shawn Hanson, Pillsbury Madison & Sutro, LLP, San Francisco, California, for *amicus curiae* Standard Insurance Company.

Mary Ellen Signorille, American Association of Retired Persons, Washington, D.C., for *amicus curiae* American Association of Retired Persons.

Before: HUG, Chief Judge, and BROWNING, O'SCANNLAIN, TROTT, RYMER, T.G. NELSON, TASHIMA, THOMAS, SILVERMAN, McKEOWN and W. FLETCHER, Circuit Judges.

T.G. NELSON, Circuit Judge:

Charles Wetzel appeals from the district court's summary judgment in his ERISA suit seeking long-term disability benefits under his employer's group disability plan. Relying on our prior decisions in *Williams v. UNUM Life Ins. Co.*, 113 F.3d 1108 (9th Cir.1997), and *Nikaido v. Centennial Life Ins. Co.*, 42 F.3d 557 (9th Cir.1994), the district court determined that Wetzel's claim was not filed within the applicable statute of limitations period and was therefore statutorily time-barred. A panel of this court reversed the district court, holding that the district court erred in determining the proper accrual date for Wetzel's claim. *Wetzel v. Lou Ehlers Cadillac Group*, 189 F.3d 1160 (9th Cir.1999). The panel opinion was withdrawn when this court voted to rehear the case en banc. *Wetzel v. Lou Ehlers Cadillac Group*, 199 F.3d 1111 (9th Cir.2000). We now overrule our prior decisions in *Williams* and *Nikaido*, and hold that Wetzel's claim was not time-barred under the applicable statute of limitations. Because the parties did not have an opportunity to fully develop the issue of whether Wetzel's case may be contractually time-barred, we remand to the district court for further proceedings.

### I.[1]

Wetzel, as an employee of Lou Ehlers Cadillac, was a participant in the Lou Ehlers Cadillac Group Long Term Disability Insurance Program (the "Plan"), which is an employee welfare benefit plan established by Lou Ehlers Cadillac for its employees. Reliance Standard Life Insurance Company ("Reliance") funded a long-term disability benefit (the "LTD Benefit") contained in the Plan for the Plan's participants.

The LTD Benefit was set out in its own separate policy (the "LTD Policy" or "policy"). The LTD Policy provided monthly benefits to participants for periods during which they met the LTD Policy's definition

1. This section is adapted from Judge Wiggins' majority panel opinion.

of "total disability." The LTD Policy defined "total disability" during the first two years of a claim as an inability to perform the material duties of the participant's own occupation and thereafter required the participant to be totally disabled from all occupations to continue receiving benefits. The LTD Policy limited claims relating to a mental disorder to a two-year benefit period unless the participant was confined in a hospital or institution.

Wetzel submitted a claim for long-term disability benefits to Reliance in August 1991, alleging that he was totally disabled as a result of stomach pain, diarrhea, headaches, hand tremors, and insomnia. Reliance began paying monthly benefits pursuant to the LTD Policy in March 1992, retroactive to July 1991.

By letter dated August 5, 1992, Reliance notified Wetzel that it viewed his claim as psychiatric in nature and that because benefits were payable only for a maximum of twenty-four months if a disability resulted from a mental or nervous disorder, Wetzel's benefits would terminate upon the completion of twenty-four months, on July 30, 1993. Reliance then informed Wetzel that, "[s]hould you disagree with this determination, we would be happy to review any additional information you wish to submit in support of your claim for continued benefits."

Reliance discontinued Wetzel's benefits in August 1993. In an August 13, 1993, letter, Reliance reiterated its position that Wetzel's benefits were based upon a mental or nervous disorder and indicated that "no benefits will be paid beyond August 1, 1993." Finally, in an October 4, 1993, letter, Reliance again reiterated its position that "all of the medical information we have received indicates that the primary cause of [Wetzel's] disability is due to [his] mental/nervous condition" and, consequently, that "no additional benefits can be paid as a result of [his] claim."

After further correspondence, as well as assistance by the California Department of Insurance, Wetzel filed suit against Reliance and the Ehlers Plan on May 6, 1997. Defendants later moved for summary judgment on statute of limitations grounds. The district court subsequently granted the motion. Wetzel now timely appeals from the resulting judgment in favor of defendants.

## II.

### A. *Standard of Review*

We review a district court's grant of summary judgment de novo. *See Robi v. Reed,* 173 F.3d 736, 739 (9th Cir. 1999). "Viewing the evidence in the light most favorable to the nonmoving party, the appellate court determines whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* The interpretation of ERISA is a question of law reviewed de novo. *See Babikian v. Paul Revere Life Ins. Co.,* 63 F.3d 837, 839 (9th Cir.1995). We review the district court's interpretation of state law, including state statutes, de novo. *See In re McLinn,* 739 F.2d 1395, 1397–98 (9th Cir.1984) (en banc).

### B. *Jurisdiction*

Wetzel's cause of action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 ("ERISA"). His action was brought under 29 U.S.C. § 1132(a), and the district court had jurisdiction under 29 U.S.C. § 1132(e). We have jurisdiction under 28 U.S.C. § 1291.

## III.

### A. *Applicable Statute of Limitations*

There is no specific federal statute of limitations governing claims for benefits under an ERISA plan. *Flanagan v. Inland Empire Elec. Workers Pension Plan,* 3 F.3d 1246, 1252 (9th Cir.1993). We must therefore look to the most analogous state statute of limitations. *Id.* Because Wetzel's claim for benefits arose in California,

we look to California law for the most analogous statute of limitations.

[■] In *Nikaido v. Centennial Life Ins. Co.*, 42 F.3d 557 (9th Cir.1994), which also involved a claim under an ERISA disability plan arising in California, we held that California Insurance Code Section 10350.11 [2] provided the applicable statute of limitations for such a claim. *Id.* at 559. In so holding, we rejected the beneficiary's argument that the proper limitations period was the four-year period for actions based on a written contract under California Code of Civil Procedure Section 337 [3] because we found that Section 10350.11 "provide[d] a closer analogy to this case than does the more general breach of contract provision [of Section 337]." *Nikaido*, 42 F.3d at 559. For the following reasons, we hold that the *Nikaido* analysis was in error.

Section 10350.11 is one of several Compulsory Standard Provisions required by California law to be included in "each disability policy delivered or issued for delivery to any person" in California.[4] Cal. Ins.Code § 10350. Forty-two states, Puerto Rico and the Virgin Islands all have statutes requiring identical or virtually identical language in certain insurance contracts.[5] The courts that have addressed limitations period defenses to suits involving insurance policies containing this required language have consistently focused on the resulting policy provisions—rather than the statutes mandating their inclusion—and have found that the provisions create enforceable contractual limita-

**2.** Section 10350.11 provides:

*Limitation of actions on policy*
A disability policy shall contain a provision which shall be in the form set forth herein.
Legal Actions: No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished.
Cal. Ins.Code § 10350.11.

**3.** Section 337 provides, in relevant part, that "[a]n action upon any contract, obligation or liability founded upon an instrument in writing" must be commenced within four years. Cal.Code Civ. P. § 337.

**4.** Both Section 10350.11 and Section 10350.7 (which will be discussed *infra* ) of the California Insurance Code are statutes governing the content of insurance policies. They are not, therefore, preempted under ERISA, *see* 29 U.S.C. § 1144(b)(2)(A); *see generally UNUM Life Ins. Co. v. Ward*, 526 U.S. 358, 367, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999), and the contractual provisions they require to be included in the policy govern the relationship of the parties.

**5.** *See* Ala.Code §§ 27–19–14, 27–20–5(7); Alaska Stat. § 21.54.030; Ariz.Rev.Stat. § 20–1355; Ark.Code Ann. §§ 23–85–116, 23–86– 102(7); Colo.Rev.Stat. § 10–16–202(12); Conn. Gen.Stat. § 38a–483(a)(11); Del.Code Ann. tit. 18, §§ 3315, 3541(7); D.C.Code Ann. § 35–517(c)(1)(K); Ga.Code Ann. § 33–29–3(b)(11); Haw.Rev.Stat. § 431:10A–105(11); Idaho Code §§ 41–2115, 41–2207(7); 215 Ill. Comp. Stat. 5/357.12; Ind.Code § 27–8–5–3(11); Iowa Code § 514A.3(1)(k); Kan. Stat. Ann. § 40–2203(A)(11); Ky.Rev.Stat. Ann. §§ 304.17–150, 304.18–070(7); Me.Rev.Stat. Ann. tit. 24–A, § 2715; Mass. Gen. Laws ch. 175 § 108(3)(a)(11); Mich. Comp. Laws § 500.3422; Minn.Stat. § 62A.04(2)(11); Miss.Code Ann. § 83–9–5(1)(k); Mo.Rev.Stat. § 376.777(1)(11); Mont.Code Ann. § 33–22–602(7); Neb.Rev.Stat. § 44–710.03(11); Nev. Rev.Stat. §§ 689A.150, 689B.080; N.H.Rev. Stat. Ann. § 415:6(I)(11); N.J. Stat. Ann. § 17B:26–14; N.M. Stat. Ann. § 59A–22–14; N.Y. Ins. Law § 3216(d)(1)(K); N.C. Gen.Stat. § 58–51–15(a)(11); Ohio Rev.Code Ann. § 3923.04(K); Okla. Stat. tit. 36, § 4405(A)(11); Or.Rev.Stat. § 743.441; 40 Pa. Cons.Stat. § 753(A)(11); R.I. Gen. Laws §§ 27–18–3(a)(11), 27–34.2–7(b)(1)(x); S.C.Code Ann. § 38–71–735(m); S.D. Codified Laws § 58–18–27; Tenn.Code Ann. § 56–26–108(11); Tex. Ins.Code Ann. § 3.70–3(A)(11); Vt. Stat. Ann. tit. 8, § 4065(11); Wash. Rev.Code § 48.20.142; W. Va.Code § 33–15–4(k); Wyo. Stat. Ann. §§ 26–18–115, 26–19–107(a)(vii); P.R. Laws Ann. tit. 26, § 1615; V.I.Code Ann. tit. 22, § 865. The seven states with significantly different statutory schemes are Florida, Louisiana, Maryland, North Dakota, Virginia, Utah and Wisconsin.

tions periods for bringing suit on an insurance contract.[6]

■ Similarly, California courts have treated policy provisions that arise out of the application of Section 10350.11 as *contractual* limitations periods which operate distinct and apart from the *statutory* limitations period set by the state legislature. *See Mize v. Reserve Life Ins. Co.*, 48 Cal. App.3d 487, 121 Cal.Rptr. 848, 853 (1975).[7] Any lawsuit between the parties to the policy would seek to interpret and enforce the terms of the disability policy itself and not Section 10350.11.[8] These *contractual* limitations periods are thus subject to rules governing the interpretation of contracts and contractual defenses.[9] *See, e.g., NN Investors Life Ins. Co., Inc. v. Superior Court*, 208 Cal.App.3d 1070, 256 Cal. Rptr. 598, 600 (1989).

By this statutory device, California has taken the limitation off the law library shelves and made it a matter of contract, available in the policy itself for review by the insured, the beneficiaries and the insurer's claims administrators. What results from application of this statute is a contractual provision relating to the handling of claims. The claims themselves are, however, administered pursuant to the terms of the contract, and not by reason of the statute.

In sum, although Section 10350.11 performs much the same functions as would a statute of limitations, it is not itself a statute of limitations. We therefore overrule *Nikaido* on this point and hold that California's statute of limitations for suits on written contracts, California Code of Civil Procedure Section 337, provides the applicable statute of limitations for an ERISA cause of action based on a claim for benefits under a written contractual policy in California. *Cf. Miles v. New York State Teamsters Conf. Pension and Retirement Fund Employee Pension Ben. Plan*, 698 F.2d 593, 598 (2d Cir.1983) (finding New York's six-year statute of limitations ·for actions on a contract the most analogous statute of limitations for ERISA actions brought under 29 U.S.C. § 1132); *I.V. Servs. of Am., Inc. v. Inn Dev. & Management, Inc.*, 7 F.Supp.2d 79 (D.Mass.1998) (finding state statute of limitations for actions based on a contract was most analogous for ERISA purposes before analyzing contractual limitations period included in policy), *aff'd*, 182 F.3d 51 (1st Cir.1999); *Nolan v. Aetna Life Ins. Co.*, 588 F.Supp. 1375 (E.D.Mich.1984) (same).[10]

---

6. *See, e.g., Esbrandt v. Provident Life and Accident Ins. Co.*, 559 F.Supp. 23, 24 (E.D.Pa. 1983) (finding policy provision that was required by state statute was a "contractual suit limitation clause"); *Gipson v. Life Ins. Co. of N. Am.*, 529 F.Supp. 224, 225–26 (E.D.Mich. 1981) (finding action barred by contractual limit that was included in policy pursuant to state law).

7. Although federal law governs our interpretation of this ERISA policy, we may "examine state law to guide our decision making process if state law is consistent with the goals and objectives· of ERISA." *Deegan v. Continental Cas. Co.*, 167 F.3d 502, 507 (9th Cir. 1999).

8. In fact, the affirmative defenses of both the Plan and the insurer refer to the policy provision itself, not the statute.

9. Although one California appellate court has referred to Section 10350.11 as a "statute of limitations," *CBS Broadcasting, Inc. v. Fireman's Fund Ins. Co.*, 70 Cal.App.4th 1075, 83 Cal.Rptr.2d 197, 200 (1999), we find this case to be unpersuasive because that statement was made in dictum. The issue before that court was not whether Section 10350.11 was a statute of limitations, but rather whether the insurance policy before it was a policy for "disability insurance." *See id.* Furthermore, that court inexplicably omitted the first sentence of Section 10350.11 when quoting it, *see id.* at 200 n. 1, and it thus appears that the brief reference to Section 10350.11 as a "statute of limitations" was not based upon a complete consideration of the entire statute.

10. In *Nolan*, the court rejected the defendant's proposal that Mich. Comp. Laws § 500.3422 controlled "for the simple reason that, by its own language, that statute is not a statute of limitations. [Section] 500.3422 merely requires that a certain provision, containing a time limitation, be included in certain disability insurance policies; it itself is

B. *Applicable Law for Determination of Accrual*

Prior to *Nikaido,* accrual of a federal action under ERISA was determined by the application of a federal rule of accrual. *See Northern Cal. Retail Clerks Unions v. Jumbo Markets,* 906 F.2d 1371, 1372 (9th Cir.1990). In *Nikaido,* although we recognized that "[f]ederal law determines when a cause of action under ERISA accrues," 42 F.3d at 559, we eliminated federal law as the basis for determining when an ERISA action accrued. We held that because "the state statute that prescribes the limitation period," Section 10350.11, contained its own "accrual" provision,[11] it supplanted the usual federal accrual rule. *See* 42 F.3d at 559–60.

■■■ However, since Section 10350.11 is not a statute of limitations, it also does not supply an accrual rule for purposes of applying a statute of limitations. To the contrary, this statute simply establishes a contractual claim and proof of loss framework to be included in an insurance policy. It does not govern when ERISA claims accrue. We therefore overrule *Nikaido* on this point also and hold that the accrual of an ERISA cause of action is determined by federal, rather than state, law. *See Northern Cal. Retail,* 906 F.2d at 1372. *Nikaido* is overruled in its entirety, and its "rolling" accrual rule is no longer the law of this circuit.

■■■ In *Williams v. UNUM Life Ins. Co.,* 113 F.3d 1108 (9th Cir.1997), where we attempted to limit the applicability of *Nikaido's* rolling accrual rule to "cases where an insured failed to provide adequate proof of loss because in such cases the insurer is ordinarily under no duty to inform the insured whether his claim has been approved," *id.* at 1112, we were constrained by our prior decision in *Nikaido. See id.* Thus, in an excess of caution, we also overrule *Williams.* We hold that under federal law, an ERISA cause of action accrues either at the time benefits are actually denied, *Menhorn v. Firestone Tire & Rubber Co.,* 738 F.2d 1496, 1501 (9th Cir.1984), or when the insured has reason to know that the claim has been denied. *Price v. Provident Life & Accident Ins. Co.,* 2 F.3d 986, 988 (9th Cir.1993).

C. *Application of Appropriate Statute of Limitations and Rule of Accrual*

■■■ We now must determine when Wetzel's ERISA claim accrued and whether his cause of action was filed within four years of the date it accrued as required under the applicable statute of limitations, Section 337 of the California Code of Civil Procedure.

When Wetzel was informed in August 1992 that his benefits would be limited to twenty-four months, he was still receiving benefits. In fact, the benefits continued through July 1993. The letter sent to him in August 1992 said, in part:

> Based on the medical information contained in your long term disability claim file, benefits will be issued in accordance with the above policy provision [limiting benefits to twenty-four months for a mental or nervous disorder].

> Should you disagree with this determination, we would be happy to review any additional information you wish to submit in support of your claim for continued benefits.

---

not a statute of limitations." *Nolan,* 588 F.Supp. at 1378.

11. Section 10350.11 requires disability policies to define the date on which the limitations period begins to run as "the time written proof of loss is required to be furnished." Cal. Ins.Code § 10350.11. California Insurance Code § 10350.7 requires disability poli-

cies to define the time within which such proof of loss must be furnished:

> Written proof of loss must be furnished to the insurer ... in case of claim for loss for which this policy provides any periodic payment contingent upon continuing loss within 90 days after the termination of the period for which the insurer is liable....

Cal. Ins.Code § 10350.7.

Because this August 1992 letter stated that the decision to limit benefits to twenty-four months was based on the status of Wetzel's file at that time, and invited Wetzel to furnish further information, Wetzel could have reasonably believed his benefits had not been finally denied, particularly in view of the fact that he was still receiving benefit payments at that time. *See Martin v. Construction Laborer's Pension Trust,* 947 F.2d 1381, 1385 (9th Cir.1991) (holding that an action for the payment of benefits accrues upon the insurer's "clear and continuing repudiation" of the insured's claim). We therefore conclude that Wetzel's cause of action did not accrue in August 1992 or at any time prior to the August 1993 letter, or at the latest, the clear rejection of his claim for benefits in October of 1993. Wetzel's action, filed in May 1997, was thus commenced within the four-year statutory limitations period.

## IV.

Now that we have determined that Wetzel's action is not barred by the statute of limitations, the viability of his claim is determined by the terms of the policy. Thus, the next inquiry is whether Wetzel's action is contractually barred by the limitations provision in the policy.

The policy provides that an action to recover benefits under the policy must be commenced within "three years after the time written proof of loss is required." For a claim of total disability, this written proof of loss must be sent to the insurer "within ninety (90) days after the termination of the period for which" the insurer is liable.

In determining whether Wetzel complied with these policy provisions, it is necessary first to distinguish between the denial of a basic entitlement to benefits on the one hand, and the denial of an entitlement to recover a particular periodic installment on the other. This distinction was recognized by the California Supreme Court in *Dillon v. Board of Pension Comm'rs,* 18 Cal.2d 427, 116 P.2d 37, 39 (1941). In that case, the plaintiff sought to recover widow's pension benefits following the suicide of her husband. She filed her application for benefits within the requisite six months under the policy, but waited more than three years after the board's rejection of her claim to file suit. *See Dillon,* 116 P.2d at 38.

In affirming the superior court's dismissal of Mrs. Dillon's claim for failure to file within the three-year statutory period, the California Supreme Court rejected Mrs. Dillon's contention that a new statutory period arose for each monthly benefit which was not paid. The court noted that the right to receive periodic pension benefits is a continuing one, and the time limitation for the right to file suit on any particular payment commences when the payment becomes due. However, the court held that before suit could be filed to recover the monthly payments, the right to receive the pension must first be established. As the court put it, "[a]n action to determine the existence of the right thus necessarily precedes and is distinct from an action to recover installments which have fallen due after the pension has been granted." *Id.* at 39. *Accord Baillargeon v. Department of Water and Power,* 69 Cal.App.3d 670, 138 Cal.Rptr. 338, 346 (1977).

Applying the contract terms in light of California law to Wetzel's case, however, cannot be done on this record. *Nikaido* was decided in 1994, and the complaint in this case was filed in 1997. Because the parties and the district court were constrained by that case to regard the state insurance statute as the statute of limitations, they did not have the opportunity to construe the language included in the policy pursuant to state law for what it was—contractual provisions for claims and proof of loss. We therefore remand to the district court for a determination of how those provisions apply to Wetzel's claim. The district court may then decide whether summary judgment is appropriate, and proceed accordingly. In complying with

this mandate, the district court may enter such orders and hold such hearings, if any, as it deems appropriate.

## CONCLUSION

For the reasons stated, the judgment of the district court is VACATED, and we REMAND for proceedings not inconsistent with this opinion.

W. FLETCHER, Circuit Judge, with whom HUG and TASHIMA, Circuit Judges, join, concurring in the judgment:

The two questions in this case are fairly straightforward. First, what law provides the period for the statute of limitations, and how long is that period? Second, what law provides the accrual rule for determining when the limitations period begins to run, and what is that accrual rule?

The majority answers the first by saying that we look to the limitations period provided under California law for written contracts. California Code of Civil Procedure § 337 sets that period as four years. The majority answers the second by saying that we look to federal law under ERISA for the accrual rule. That rule provides that the claimant's cause of action accrues either when benefits are actually denied or the claimant has reason to know that they are denied.

I respectfully disagree. The answer to the first question should be that we look to California Insurance Code § 10350.11, which sets the limitations period as three years. The answer to the second question should be that we look to California Insurance Code § 10350.7, which provides that the cause of action accrues, and the limitations period begins to run, 90 days after the claimant is required to submit written proof of loss to the insurer.

## I

California Insurance Code § 10350.11 provides the statutory limitations period for disability insurance policies issued in California. Section 10350.11 is one of a series of provisions required by California Insurance Code § 10350 to be included in the text of California disability insurance policies. *See* Cal. Ins.Code §§ 10350.1–10350.12. An insurer may substitute a different provision in place of § 10350.11, but only if the substitute provision is approved by the State Insurance Commissioner and only if it is "not less favorable in any respect to the insured or the beneficiary." Cal. Ins.Code § 10350. As the majority opinion indicates, most states have identical, or nearly identical, statutes providing a limitations period for disability insurance policies.

California's section 10350.11 provides:

A disability policy shall contain a provision which shall be in the form set forth herein.

Legal Actions: No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished.

Although an insurer is permitted by the statute to obtain approval from the Insurance Commissioner for a more generous period in which to bring suit, § 10350.11 specifies a minimum limitations period of three years. Because the limitations period is required by statute rather than based on bargaining between the parties, it is a statute of limitations rather than a mere contractual term.

The requirement of § 10350 that the limitations period be incorporated into the text of the contract does not indicate the contrary. It simply indicates that California lawmakers considered the three-year period specified in § 10350.11 to be so important that they required it to be written where a policy holder is most likely to read it. The majority seems to believe that because § 10350.11 is a contractual

provision it cannot also be a statute of limitations. I see no reason to believe that this must be so. Rather, it seems to me a matter of common sense that § 10350.11 is both a contractual provision *and* a statute of limitations.

The majority's choice of the four-year period provided in California Code of Civil Procedure § 337 was specifically rejected by this court in *Nikaido v. Centennial Life Insurance Co.*, 42 F.3d 557 (9th Cir.1994). In *Nikaido*, we held that the three-year period of § 10350.11 "provides a closer analogy to this case than does the more general breach of contract provision." *Id.* at 559. The majority in this case overrules *Nikaido* and holds that the four year period of § 337 is the proper analogy because, in the majority's view, § 10350.11 provides a contractual limitations period rather than a statute of limitations. The majority bases its conclusion on non-California and California cases.

The majority writes that decisions construing comparable provisions in other states than California "have consistently focused on the resulting policy provisions—rather than the statutes mandating their inclusion—and have found that the provisions create enforceable contractual limitations periods for bringing suit on an insurance contract." *Supra* at 647–48. It cites three cases in which a limitations period stated in a statute is required by statute to be included in the text of a contract. All three are suits under disability insurance policies, and all three involve statutory provisions virtually identical to § 10350.11.

Two cases, both decided in the Eastern District of Michigan, involved a Michigan statute. *See Nolan v. Aetna Life Insurance Co.*, 588 F.Supp. 1375 (E.D.Mich. 1984); *Gipson v. Life Insurance Company of North America*, 529 F.Supp. 224 (E.D.Mich.1981). The district court in *Nolan* explicitly held that the three-year limitations period was contractual in nature and that the relevant statute of limitations was Michigan's six-year statute for contracts. The court in *Gipson*, three years earlier, had been less explicit, but its opinion is consistent with *Nolan*. These two cases clearly establish the rule in the Eastern District of Michigan and directly support the majority's opinion in this case.

The third case, *Esbrandt v. Provident Life and Accident Insurance Co.*, 559 F.Supp. 23 (E.D.Pa.1983), is not as explicit at the majority might wish. The district court enforced a three-year period contained in a Pennsylvania statute, stating, "[a]t issue here is a suit limitation clause, which is *required* by state law." *Id.* at 25 n. 5 (emphasis in original). For this case to provide direct support for the majority, it needs not only to enforce the statutorily required limitations period stated in the policy; it needs also to say that there is a statute of limitations different from, and longer than, the statutory limitations period that is required to be in the contract. But the case contains no hint that there is a longer statute of limitations lurking outside the statutorily required limitations period.

The California cases are less useful to the majority. The majority writes that "California courts have treated policy provisions that arise out of the application of Section 10350.11 as *contractual* limitations periods which operate distinct and apart from the *statutory* limitations period set by the legislature." *Supra* at 648 (emphasis in original). The majority cites two cases in support of this proposition, one involving life insurance and the other involving health insurance. Neither case involves disability insurance, and neither mentions § 10350.11 as the source of the policy provision at issue. The failure to mention § 10350.11 is not surprising, since that section, by its terms, applies only to disability insurance. (Indeed, I have not been able to discover any California statute, other than § 10350.11, that specifies a limitations period and requires that the period be stated in the text of a policy.)

The first case, *Mize v. Reserve Life Insurance Co.*, 48 Cal.App.3d 487, 121 Cal. Rptr. 848 (1975), dealt with life insurance. The policy included a three-year limitations period set out in language comparable to § 10503.11, but there is no indication in the opinion that the contractual period in the policy was required by § 10503.11 (or by any other provision of California law). Indeed, there is some suggestion to the contrary, for in discussing the period in the policy the court wrote, " '[W]e accept as a settled principle of law that an insurer may by the contract of insurance limit the time within which suit may be brought on the policy so as to provide a shorter time than is provided by law.' " *Id.* at 495, 121 Cal.Rptr. 853 (quoting *Genuser v. Ocean Accident, etc. Corp.*, 57 Cal. App.2d 979, 983, 135 P.2d 670, 672 (1943) (sustaining a two years and one day contractual limitation in a motor vehicle liability policy)).

The second case, *NN Investors Life Insurance Co. v. Superior Court*, 208 Cal. App.3d 1070, 256 Cal.Rptr. 598 (1989), dealt with health insurance. The policy included a three-year limitations period, also set out in language comparable to § 10503.11, but, just as in *Mize*, there is no indication that the contractual period in the policy was required by § 10503.11 or by any other provision of California law. Indeed, just as in *Mize*, there is some suggestion to the contrary: "Plaintiffs do not challenge the enforceability of the clause itself. 'Such a provision has long been recognized as valid in California,' provided the limitation is not unreasonably short." *Id.* at 1072, 256 Cal.Rptr. 600 (quoting *C & H Foods Co. v. Hartford Ins. Co.*, 163 Cal.App.3d 1055, 1064, 211 Cal. Rptr. 765, 769 (1984) (sustaining a one year contractual limitation in a marine insurance policy)).

The only California case I have been able to discover that deals specifically with § 10503.11 is *CBS Broadcasting, Inc. v. Fireman's Fund Insurance Co.*, 70 Cal. App.4th 1075, 83 Cal.Rptr.2d 197 (1999).

In considering § 10350.11, the California Court of Appeal in *CBS Broadcasting* stated, "[T]he primary question is whether the policy at issue is a disability policy under California law. If it is, it is governed by the *three-year statute of limitations set out in section 10350.11* [.]" *Id.* at 1081, 83 Cal.Rptr.2d 197 (emphasis added). The majority discounts the statement in *CBS Broadcasting* as dictum and as "not based upon a complete consideration of the entire statute." *Supra* at 648 n. 9. The statement may be dictum, but so far as I am aware *CBS Broadcasting* is the only case that addresses, in any fashion, whether California courts treat § 10350.11 as providing a statute of limitations. The statement may also be a misconstruction of § 10350.11 (though I doubt it), but it is not up to us to tell a California appellate court that it has made a mistake of California law. Unlike the majority, I take the Court of Appeal at its word. There is no question that the policy at issue in our case is a disability policy, and there is accordingly no question that, in the words of *CBS Broadcasting*, § 10350.11 provides a "three-year statute of limitations." 70 Cal. App.4th at 1081, 83 Cal.Rptr.2d at 200.

## II

### A

California Insurance Code § 10350.7 provides the statutory accrual rule for disability insurance policies issued in California. Section 10350.7 provides:

A disability policy shall contain a provision which shall be in the form set forth herein.

Proofs of Loss: Written proof of loss must be furnished to the insurer at its said office in case of claim for loss for which this policy provides any periodic payment contingent upon continuing loss within 90 days after the termination of the period for which the insurer is liable and in the case claim for any other loss within 90 days after the date of such loss. . . .

Section 10350.7 provides the accrual rule for two independently sufficient reasons. First, as we held in *Nikaido*, § 10350.11 incorporates § 10350.7 by its reference to the date on which "written proof of loss is required to be furnished." *See* 42 F.3d at 559. Section 10350.7, specifying when written proof of loss must be furnished, provides that date and thus provides the accrual rule.

Second, we are required by ERISA and by the Supreme Court's decision in *UNUM Life* to follow § 10350.7. ERISA broadly preempts state laws relating to "any employee benefit plan," 29 U.S.C. § 1144(a), but saves from preemption "any law of any State which regulates insurance," 29 U.S.C. § 1144(b)(2)(A). In *UNUM Life*, the Supreme Court established a two-part test for determining whether a state law "regulates insurance" within the meaning of ERISA. First, we must ask "whether, from a 'common-sense view of the matter,' the contested prescription regulates insurance." 526 U.S. at 367, 119 S.Ct. 1380 (citation omitted). Second, we must consider three factors to determine whether the law "fits within the 'business of insurance' as that phrase is used in the McCarran–Ferguson Act." *Id.* Those factors are: "first, whether the practice has the effect of transferring or spreading a policyholder's risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice is limited to entities within the insurance industry." *Id.* (citations omitted).

Under this test, it is apparent that the accrual rule specified in § 10350.7 is a state law that "regulates insurance." As a matter of common sense, it is hard to come to any other conclusion. It is found in California's Insurance Code; it regulates the determination of the timeliness of insurance claims; and it is required by California insurance law to be written into disability insurance policies. Further, at least two of the three McCarran–Ferguson factors are satisfied: the accrual rule of

§ 10350.7 is "an integral part of the policy relationship" and is "limited to entities within the insurance industry."

A comparison of the rules at issue in *UNUM Life* and in this case strongly reinforces the conclusion that the accrual rule of § 10350.7 "regulates insurance." The rule at issue in *UNUM Life* was a California "notice-prejudice rule" which requires an insurer to consider an untimely claim on its substantive merits unless the insurer can "prove that it suffered actual prejudice" from the untimeliness of the claim. *Shell Oil Co. v. Winterthur Swiss Ins. Co.,* 12 Cal.App.4th 715, 761, 15 Cal.Rptr.2d 815 (1993). Applying its two-part test, the Court in *UNUM Life* concluded that the notice-prejudice rule regulates insurance within the meaning of ERISA. The Court's conclusion in *UNUM Life* virtually compels the same conclusion in this case, for the notice-prejudice and the accrual rules both regulate the timeliness of claims against the insurer. Not only do they "regulate insurance"; they even do so in the same way.

The majority does not go through the details of *UNUM Life*'s two-part test, but it appears to agree that the accrual rule of § 10350.7 "regulates insurance" within the meaning of ERISA and is therefore saved from preemption. *See supra* 647 at n. 4 ("Both Section 10350.11 and Section 10350.7 ... of the California Insurance Code are statutes governing the content of insurance policies. They are not, therefore, preempted under ERISA, ... *see generally UNUM Life Ins. Co. v. Ward,* 526 U.S. 358, 367, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999), and the contractual provisions they require to be included in the policy govern the relationship of the parties.").

B

In *Nikaido*, this court interpreted § 10350.7 as establishing a "rolling accrual" rule: "For each month that a claimant is disabled and the company fails to make payment, a separate cause of action ac-

crues." 42 F.3d at 560. Under the rolling accrual rule, so long as a claimant could allege that an insurer had failed to make a periodic payment within the past three years, the claimant had a never-ending series of causes of action. I agree with the majority that the rolling accrual rule of *Nikaido* is an incorrect construction of § 10350.7, and I agree with the majority's discussion concerning the correct construction.

### III

We originally took this case *en banc* to sort out difficult questions concerning *Nikaido's* rolling accrual rule. I agree with the majority that *Nikaido's* rolling accrual rule is wrong and should be overruled. The rest of *Nikaido,* however, was correctly decided. As *Nikaido* held, we must look to §§ 10350.11 and 10350.7 for the statutory limitations period and the accrual rule for California disability insurance policies.

I confess that I am somewhat baffled by the approach taken by the majority. It adopts the four-year statutory limitations period generally applicable to written contracts in California, even though California has specified by statute a three-year limitations period for disability insurance contracts. It also adopts a federal accrual rule under ERISA, even though California's statute of limitations incorporates a state-law accrual rule, and even though ERISA requires us to follow state rather than federal law when the state law "regulates insurance."

Perhaps the majority sees the longer limitations period and later federal accrual rule as advantages that justify straining to escape the statutory commands of §§ 10350.11 and 10350.7. But the majority cannot achieve the advantages it seeks, for under its approach the result is still controlled by §§ 10350.11 and 10350.7. Because the majority concludes that §§ 10350.11 and 10350.7 are exempt from

federal preemption under *UNUM Life,* and because § 10350 requires that the statutory language of §§ 10350.11 and 10350.7 be included in disability insurance policies, the three-year limitations period and state-law accrual rule provided by those statutes necessarily govern disability insurance policies in California. Thus, on remand the district court will face precisely the same questions it would face if §§ 10350.11 and 10350.7 were treated as statutory rather than contractual provisions. The four-year statute of limitations and federal accrual rule will be entirely irrelevant, and will remain so for as long as §§ 10350.11 and 10350.7 are part of California law.

I conclude that the majority has overruled a part of *Nikaido* that should be retained, that it has incorrectly ignored California insurance law, and that it has done so for no discernable purpose. I concur only in the judgment.