**Lynn Ann KIM, Plaintiff–Appellant,**

v.

**Pacific BELL; Pacific Telesis Group Comprehensive Disability Benefits Plan; General Employees' Benefits Committee, Defendants–Appellees.**

No. 99–17258.
D.C. No. CV 97–4591 SI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2001.

Decided May 30, 2001.

---

Before O'SCANNLAIN, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM *

██ Appellant raises two issues on appeal. First, she claims that the district court erred in finding that she failed to show futility of exhaustion on her ERISA § 502 claims. We review that decision for an abuse of discretion. *See Diaz v. United Agric. Employee Welfare Benefit Plan & Trust,* 50 F.3d 1478, 1483 (9th Cir.1995) (citing *Amato v. Bernard,* 618 F.2d 559, 569 (9th Cir.1980)). Under that standard of review, "this court cannot reverse the district court's ruling unless it has a definite and firm conviction that the lower court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Marx v. Loral Corp.,* 87 F.3d 1049, 1054 (9th Cir.1996).

Although we understand and appreciate Appellant's arguments, upon a review of the record, we cannot conclude that the district court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. *See id.* On the contrary, the district court analyzed the undisputed evidence presented and decided, based on existing authority, that Appellant had failed to show that she was entitled to invoke the futility exception. That decision was well-reasoned and we will not disturb it on appeal.

██ Appellant also contends that the district court erred in concluding that Cali-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as may be provided by Ninth Cir. R. 36–3.

fornia's four-year statute of limitations for contract actions did not apply to her § 510 claim. We review the district court's ruling de novo. *See United States ex rel. Lujan v. Hughes Aircraft Co.*, 162 F.3d 1027, 1034 (9th Cir.1998).

Because § 510 does not contain a statute of limitations, we look to the most analogous state-law limitations period. *Id.*

In *Felton,* we recognized that "a claim brought under § 510 is essentially an assertion that the employee was discriminated against based on either his application for insurance benefits or his pension eligibility." We then held that "the most analogous state law claim would be wrongful termination against public policy or retaliatory discharge."

*Burrey v. Pac. Gas & Elec. Co.*, 159 F.3d 388, 396 (9th Cir.1998) (internal citations omitted) (quoting *Felton v. Unisource Corp.*, 940 F.2d 503, 512 (9th Cir.1991)). Our decision in *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program,* 222 F.3d 643, 648 (9th Cir.2000) (en banc), which analyzed the most analogous statute of limitations for a § 502 claim, does not alter this analysis. Accordingly, the district court did not err in concluding that Appellant's § 510 claim is time-barred.

AFFIRMED.