**Peter J. BOROTA, Plaintiff—Appellant,**

v.

**ARIZONA PIPE TRADES PENSION TRUST FUND, LOCAL 469, Defendant—Appellee.**

No. 03–15319.

D.C. No. CV–02–00669–FJM.

United States Court of Appeals, Ninth Circuit.

Submitted July 28, 2003.*

Decided Aug. 21, 2003.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Peter J. Borota filed a complaint under ERISA, 29 U.S.C. § 1132(a)(1)(B), against the Arizona Pipe Trades Pension Trust Fund, Local 469 (the Fund) contending that he was improperly denied a pension. Both parties filed motions for summary judgment. The district court granted summary judgment to the Fund because the complaint was not filed within the applicable six year statute of limitations, and Borota appeals.

Borota worked with employers subject to the Pension Plan between 1972 and 1983. During that period, the plan rules required that an employee earn a minimum of ten pension credits to qualify for a pension. Borota had worked sufficient hours to earn 7 3/4 credits. He accrued additional credit for time off in 1983 for an industrial injury, and an additional 3/4 credit for a 1973–74 injury, for a total of 9 1/4 credits. He sought further credit for disability related to carpel tunnel syndrome, which he contended was due to his employment. He had not received worker's compensation, however, for that disability, and his request was denied on December 28, 1989, and upheld by the trustees in December 1990, when his claim accrued.

Borota filed this action in the district court in April 2002. In *Wetzel v. Lou Ehlers Cadillac*, 222 F.3d 643, 648 (9th Cir.2000) (en banc), we held that the controlling statute of limitations for an action to recover benefits is the state statute for claims on written contracts. Arizona has a six-year statute of limitations. *See* Ariz. Rev.Stat. § 12–548. Borota did not file this suit until more than twelve years after the denial of his request for additional pension credit. His later request for reconsideration did not restart the limitations period. *See Martin v. Constr. Laborer's Pension Trust*, 947 F.2d 1381, 1384 (9th Cir.1991).

We AFFIRM the district court's grant of summary judgment to the Fund.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.