**Allison SOUSA, As Executor of the Will of Christopher Sousa, deceased aka Christopher Sousa; Brendan Sousa, minor by Allison Sousa guardian ad litem; Evan Sousa, minor by Allison Sousa guardian ad litem; Zackery Sousa, minor by Allison Sousa guardian ad litem, Plaintiffs—Appellants,**

v.

**UNILAB CORPORATION CLASS II (NON–EXEMPT) MEMBERS GROUP BENEFIT PLAN; Principal Mutual Insurance Company, Defendants—Appellees.**

No. 02–16691.

D.C. No. CV–01–06060–AWI/DLB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2003.*

Decided Dec. 17, 2003.

Michael E. Vergara, Esq., Somach, Simmons & Dunn, Sacramento, CA, for Plaintiffs–Appellants.

Henry Chi–Jen Wang, Esq., Manatt, Phelps & Phillips, LLP, Los Angeles, CA, for Defendant–Appellee.

Before SCHROEDER, Chief Judge, D.W. NELSON, and RYMER, Circuit Judges.

## MEMORANDUM **

Allison, Brendan, Evan, and Zackery Sousa (collectively, "Sousa") appeal the summary judgment in favor of the Unilab Corporation Class II (Non–Exempt) Members Group Benefit Plan and Principal Mutual Insurance Company (collectively, "Principal"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### I

Sousa first argues that the district court should not have relied on the Plan's limitation period as the sole basis for its ruling because no limitations defense was included as a disputed legal issue in the scheduling conference order. However, the district court had discretion to amend the scheduling order and to enter a final pretrial order that framed the issues of law for trial. See Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir.1985). A scheduling conference order is not a final pretrial order that may only be modified to prevent manifest injustice, see Fed. R.Civ.P. 16(e); instead, it may be, and was, modified for good cause, id. 16(b). The limitations issue was raised in Principal's answer, it was listed in the parties' joint pretrial statement, and it was discussed at the pretrial conference. Accordingly, unlike Eagle v. Am. Tel. & Tel. Co., 769 F.2d 541 (9th Cir.1985), the limitations issue was not raised for the first time on

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

summary judgment. Sousa's claim of prejudice on account of foregoing discovery comes too late, as it was not raised in the district court. In any event, the issue is purely one of contract interpretation as to which discovery would make no difference.

## II

Sousa's argument that the contractual time-bar provision was not triggered because Principal failed to supply claim forms, instructions and assistance as required by the Plan lacks factual basis. There is no evidence that proof of loss was not submitted; Principal in fact paid a life insurance benefit. *Cf. Mogck v. Unum Life Ins. Co. of Am.*, 292 F.3d 1025 (9th Cir.2002) (insurer had to request proof of claim in order to trigger the time-bar provision, but failed to do so).

Assuming that the limitations provision here was triggered at the latest when benefits were denied (August 12, 1997 and December 30, 1997), the three-year window closed at least by the end of 2000. *See Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*, 222 F.3d 643, 649 (9th Cir.2000) (en banc); *Price v. Provident Life and Accident Ins. Co.*, 2 F.3d 986, 988 (9th Cir.1993). As the complaint was not filed until August 9, 2001, Sousa's action was time-barred.

## III

Nor is the Plan's limitations period extended to meet California's four-year statutory period. *See Wetzel*, 222 F.3d at 650. If that had been its intent, the Plan could have stated that its period of limitations would be the same as the state's. The California statute of limitations functions

\* This panel unanimously finds this case suitable for decision without oral argument. See

as a *maximum* time to file an action not "a *minimum* required by law."

AFFIRMED.