**Judith HEMENWAY, an individual, Plaintiff—Appellant,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant—Appellee,**

and

**Group Long Term Disability Income Plan Summary Plan Description October 18, 1996, Plan Number 000502, an employee welfare benefits plan under ERISA, Defendant.**

No. 02–56980.

D.C. No. CV–01–00289–TJW/AJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2004.

Decided March 1, 2004.

Susan L. Horner, Thomas M. Monson, Miller, Monson & Peshel, San Diego, CA, for Plaintiff–Appellant.

Edwin A. Oster, Jenny H. Wang, Barger & Wolen LLP, Irvine, CA, for Defendant–Appellee.

Before CANBY, NOONAN, and THOMAS, Circuit Judges.

### MEMORANDUM*

Plaintiff Judith Hemenway appeals the district court's calculation of her disability benefits in its order granting in part and denying in part Hemenway's and defendant Unum Life Insurance Co.'s ("Unum") cross-motions for summary judgment. We review the district court's grant of summary judgment de novo. *See Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program,* 222 F.3d 643, 646 (9th Cir.2000). We also review de novo the district court's interpretation of an ERISA insurance policy's language. *See Cisneros v. Unum Life Ins. Co.,* 134 F.3d 939, 942 (9th Cir.1998). Because we conclude that both of Hemenway's bonuses

should have been factored in their entirety into her basic monthly earnings ("BME") calculation, we reverse.

Hemenway's long term disability plan (the "Plan") unambiguously defines the BME as "the monthly rate of pre-tax compensation from the employer, *regardless of when received,* in effect just prior to the date disability begins," including any "pre-tax compensation from bonuses." (Emphasis added). The plain meaning of this definition is that the BME includes the full proportion of any bonuses attributable to the months worked prior to the date disability begins, regardless of when those bonuses are actually received by the employee. Hemenway's employer, Booz Allen & Hamilton, awards performance bonuses mid-June based on employee performance during the previous fiscal year (ending March 31). An employee's performance bonus is thus compensation for the months worked during the fiscal year, regardless of the fact that the employee does not receive the bonus until after the completion of the fiscal year. Hemenway's June 14, 1999 bonus therefore represented her work from April 1, 1998 (the beginning of the 1998–1999 fiscal year) through October 21, 1998 (the date Hemenway become disabled), and were part of her monthly rate of compensation in effect prior to her disability. Because the entire June 14, 1999 bonus was attributable to the months Hemenway worked prior to the date of her disability, Hemenway's BME should have been adjusted to account for this bonus.

The Plan states that the BME is to be "adjusted for bonuses on August 1 of each year." The only reasonable interpretation of this clause is that the BME is to be adjusted for bonuses the August 1 following the date of disability-August 1, 1999.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

There is no reason to calculate a BME, or for the insurer to even know of an employee's bonus, until an employee becomes disabled. Therefore, under the unambiguous provisions of the Plan, the district court erred in employing an earlier adjustment date and refusing to take account of Hemenway's bonus payments attributable to months after August 1, 1998.

According to the Plan, bonuses are to be averaged for the lesser of (1) "the 3 previous fiscal years just prior to the date disability begins"; or (2) "the period of employment." Because Hemenway had worked at Booz Allen only for 12.5 months prior to the date of her disability, the total of her two bonuses is to be averaged over this period of her employment. We REVERSE and REMAND with instructions that the district court calculate Hemenway's BME after averaging the full amount of both of her bonuses into her monthly rate of compensation.

**REVERSED AND REMANDED with instructions.**