**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM GOODES and DIANA GOODES, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> PACIFIC GAS & ELECTRIC COMPANY, Group Life Insurance and Long Term Disability Plan and Metropolitan Life Insurance Company, <br><br> Defendant - Appellee. | No. 13-16027 <br><br> D.C. No. 3:12-cv-01667-SI <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Submitted March 13, 2015[**]
San Francisco, California

Before: BERZON, BYBEE, and OWENS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The facts and procedural posture of this case are known to the parties, and we do not repeat them here. Appellants William and Diana Goodes appeal the district court's grant of Appellee Pacific Gas & Electric Company's (PG&E) motion for summary judgment. We review a district court's grant of summary judgment de novo. *Baccei v. United States*, 632 F.3d 1140, 1144–45 (9th Cir. 2011). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Goodeses brought this complaint under the Employee Retirement Income Security Act (ERISA) and claimed that PG&E miscalculated Mr. Goodes's long-term disability benefits and thereby breached its fiduciary duty. California's four-year statute of limitations for actions on written contracts "provides the applicable statute of limitations for an ERISA cause of action based on a claim for benefits under a written contractual policy in California." *Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program*, 222 F.3d 643, 648 (9th Cir. 2000) (en banc) (citing Cal. Civ. Proc. Code § 337). In this case, the ERISA statute of limitations for claims based on a breach of fiduciary duty is "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." 29 U.S.C. § 1113(2).

"[A]n ERISA cause of action" based on a claim for benefits "accrues either at the time benefits are actually denied, or when the insured has reason to know

that the claim has been denied." *Wetzel*, 222 F.3d at 649 (citation omitted). A claimant has a "reason to know" that a claim has been denied when the "plan communicates a 'clear and continuing repudiation of a claimant's rights under a plan such that the claimant could not have reasonably believed but that his [or her] benefits had been finally denied.'" *Wise v. Verizon Commc'ns Inc.*, 600 F.3d 1180, 1188 (9th Cir. 2010) (alteration in original) (quoting *Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1031 (9th Cir. 2006)).

The Goodeses had "reason to know" about the final benefit determination as early as February of 1993 and, at the very latest, as of December of 1998. On February 8, 1993, PG&E's benefits representative, Karol Renteria, sent Mr. Goodes a letter, which stated the final benefit amount that he would receive under the plan and informed him of when his benefits payments would end. This letter surely gave the Goodeses "reason to know" that Mr. Goodes's benefits had been finally determined, but even if it failed to do so, PG&E representative David Bergman sent Mr. Goodes's union representative, Darrel Mitchell, another letter on December 17, 1998, detailing Mr. Goodes's benefit amount and duration. These letters—and the five other letters with similar information that PG&E sent to Mr. Goodes in January 1995, June 1995, June 1996, August 1997, and June 1998—also gave the Goodeses "actual knowledge" of the amount of benefits and the

3

termination of Mr. Goodes's long-term disability benefits as of February 3, 1999.[1]

Their claims thus accrued as early as February 8, 1993 and as late as December 17, 1998.

Under the most generous reading of the facts, the Goodeses had until December 17, 2002 to file a timely claim based on lost benefits, and they had until December 17, 2001 to file a timely complaint based on a breach of fiduciary duty. They did not bring the present action until April 4, 2012, which was about a decade too late. Accordingly, the Goodeses' claims are time-barred.

**AFFIRMED.**

---

[1] The Goodeses also argue that the district court abused its discretion in admitting the letters from PG&E to Mr. Goodes and Mitchell, but they are incorrect. The district court reasonably found that the letters were admissible as non-hearsay and under the business records hearsay exception. Fed. R. Evid. 801(c) & 803(6); *see U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043–45 (9th Cir. 2009).