**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISALINDA PEREZ–JONES, | No. 14-55455 |
| Plaintiff–Appellant, | D.C. No. 2:11-cv-09518-JAK-AJW |
| v. | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON and GOLDEN WEST FINANCIAL CORPORATION EMPLOYEE BENEFIT PLAN, | MEMORANDUM[*] |
| Defendants–Appellees. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted February 8, 2016[**]
Pasadena, California

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Isalinda Perez–Jones brought this suit, under the Employee Retirement Income Security Act of 1974 ("ERISA"), challenging Liberty Life Assurance Company of Boston's ("Liberty Life") discontinuation of her long-term-disability benefits. *See* 29 U.S.C. § 1132(a)(1). After a bench trial, the district court entered judgment for Liberty Life and the long-term-disability plan, finding that Perez–Jones knowingly and voluntarily waived her right to receive long-term-disability benefits by signing a severance agreement and accepting a severance package provided by her then-employer, which sponsored the long-term-disability plan. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court erred in finding that the waiver provision in the severance agreement covers Perez–Jones's claim. The severance agreement waives only claims Perez–Jones had "up until the day [she] sign[ed]" the severance agreement, not future claims. Although Perez–Jones had previously received long-term-disability benefits, she had returned to work and was no longer receiving such benefits when she signed the severance agreement. She thus had no claim to further long-term-disability benefits and no ERISA claim to waive. *Cf. Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*, 222 F.3d 643, 649 (9th Cir. 2000) (en banc) ("[U]nder federal law, an ERISA cause of action accrues either at the time benefits are actually denied, or when the insured has reason to

2

know that the claim has been denied." (citation omitted)); *Smart v. Gillette Co. Long-Term Disability Plan*, 70 F.3d 173, 181 (1st Cir. 1995) ("That agreement could not have waived her right to participate in the Plan during the severance period because she had no such right . . . . [O]ne can scarcely release claims that one does not possess.").

2. We nonetheless affirm the district court's decision because Perez–Jones is not a "participant" in the long-term-disability plan entitled to bring an ERISA claim. *See* 29 U.S.C. § 1132(a)(1), (e). "Participants" include only "employees in, or reasonably expected to be in, currently covered employment, or former employees who have . . . a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117–18 (1989) (citations and internal quotation marks omitted). There is no dispute that Perez–Jones no longer worked for the long-term-disability plan's sponsor at the time she sought long-term-disability benefits because she had already signed a severance agreement and terminated her employment. Her coverage under the long-term-disability plan terminated with her employment; she was not a "Covered Person" under the terms of the plan entitled to claim benefits. *See, e.g., Leeson v. Transamerica Disability*

3

*Income Plan*, 671 F.3d 969, 971–79 (9th Cir. 2012); *Miller v. Rite Aid Corp.*, 504 F.3d 1102, 1107–08 (9th Cir. 2007).

That Perez–Jones previously received long-term-disability benefits does not make her a "participant" in the long-term-disability plan. Perez–Jones points to provisions of the plan specifying that "insurance will be continued for an Employee absent due to Disability during . . . the period during which premium is being waived," and premiums are waived "during any period for which benefits are payable." However, at the time Perez–Jones filed her long-term-disability claim, she was neither absent from employment due to disability nor receiving long-term-disability benefits; she had to return to work from disability status to receive a severance package, her doctor had cleared her to return to work, and she did return to work. Nor does the long-term-disability plan's provision for "successive periods of disability" give Perez–Jones a claim to vested benefits: That provision extends only to "Covered Persons," and she was no longer a "Covered Person" after she terminated her employment.

Perez–Jones also is not a "participant" in the long-term-disability plan by virtue of her misunderstanding of the plan's terms, even if Liberty Life or her then-employer misinformed her as to the effect of the severance agreement on her ability to claim long-term-disability benefits. An ERISA plan is governed by its

4

written terms, and the long-term-disability plan does not cover those who have terminated their employment with the plan's sponsor. *See Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 951–61 (9th Cir. 2014); *see also Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300 (2009).

**AFFIRMED.**



No. 14-55455*, Perez-Jones v. Liberty Life Assurance Co. et al.*

CLIFTON, Circuit Judge, concurring in the judgment:

I agree that the judgment of the district court should be affirmed, for the reasons stated by the district court, and concur in the judgment.