Martha ROBI, Plaintiff–Appellant,

v.

Herb REED, an individual, dba/Herb Reed and The Platters, an entity unknown; The Five Platters Inc.; John Valano, an individual; J.P. Productions, an entity unknown; Tony Cee Associates, an entity unknown; Cuzin Richard Entertainment Associates,

an entity unknown; **United Concert Productions, a New York Corporation, Defendants–Appellees.**

**No. 97–16909.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 18, 1998.

Filed April 2, 1999.

Allen Hyman, Law Offices of Allen Hyman, Studio City, California, for the plaintiff-appellant.

T. Christopher Donnelly, Donnelly, Conroy & Gelhaar, Boston, Massachusetts, for the defendants-appellees.

Before: CANBY and KLEINFELD, Circuit Judges, and KEEP, District Judge.*

KEEP, District Judge:

This case presents conflicting claims over the rights to the use of the trademark name "The Platters" by individuals associated with the group. In essence, this court must determine which party is "The Great Pretender," and which is not. Plaintiff–Appellant Martha Robi appeals the district court's grant of summary judgment in favor of Herb Reed, John Valano, Reed's booking agent, and John P. Productions, Inc., Valano's booking company.

* The Honorable Judith N. Keep, District Judge, United States District Court for the Southern District of California, sitting by designation.

The district court held that Paul Robi, as an individual, had no right to use the name "The Platters," which was the name of the singing group of which Robi and Reed were members. Hence, the court held that Robi's purported assignment of this right to Martha Robi was invalid. The court also concluded that Herb Reed has the right to use the service mark "The Platters" to the exclusion of Robi. We affirm the judgment of the district court.

## BACKGROUND

Defendant Herb Reed founded The Platters in 1953 he was also the manager and one of the group's original singers along with Joe Jefferson, Alex Hodge, and Cornell Gunther. In 1954, Jefferson and Gunther ceased to perform with the group and were replaced by David Lynch and Tony Williams. After this new group had recorded several songs, Zola Taylor joined the group. In August or September 1954, Paul Robi began performing with The Platters, having replaced Alex Hodge. Around 1957, after the group had achieved commercial success, Paul Robi met and later married plaintiff-appellant Martha Robi. Martha Robi has never performed with the group. Paul Robi severed his relationship with the group in 1965, when he was arrested and convicted of felony narcotics possession charges; he did not leave Reed's group for the purpose of starting a new group, nor did Robi return to the Platters group managed by Reed after his release from prison.

Since the late 1960s, there have been numerous disputes concerning the right to use the mark "The Platters," some of which involve The Five Platters, Inc. ("FPI"). In 1956, the members of The Platters group, including both Paul Robi and Herb Reed, assigned to FPI their interests in the name "The Platters" and executed employment contracts with FPI in exchange for equal shares of stock. In 1974, a California Superior Court held that FPI could not enjoin Paul Robi from performing under "The Platters" name, finding that the performers' assignment of their interest in the name to FPI was ineffective.

A later suit was brought by Paul Robi in federal court. In *Robi v. Five Platters, Inc.*, 838 F.2d 318 (9th Cir.1988), this court upheld the district court's preliminary injunction which prevented FPI from further challenging Paul Robi's use of the name "The Platters." After losing at trial, FPI appealed. FPI challenged, *inter alia*, the district court's cancellation of FPI's registration of "The Platters" mark and the district court's order enjoining FPI from challenging Paul Robi's right to use the mark. This court affirmed the holdings of the district court. *See Robi v. Five Platters, Inc.*, 918 F.2d 1439 (9th Cir.1990). Paul Robi died while that appeal was pending. By stipulation, the parties to that action substituted as plaintiff Martha Robi, Paul Robi's wife and assignee of his rights to "The Platters" name and goodwill. *See id.* at 1441 n. 1. In sum, our previous decisions did not address Paul Robi's rights to use the name "The Platters" as compared to Herb Reed's, nor did they address Martha Robi's rights to use that name as compared to Herb Reed's. Rather, they addressed FPI's right to prevent Paul Robi from using the name "The Platters."

In November of 1988, Paul Robi executed a written "assignment of trademark" ostensibly transferring to Martha Robi all of his rights in "The Platters" mark. The written assignment also purported to transfer the goodwill and business symbolized by this mark. Since that time, Martha Robi has managed, booked, and presented a singing group called "The Platters." This group lacks any original member of The Platters.

Martha Robi brought this suit against Herb Reed et al., asserting that she has exclusive rights to "The Platters" name. Reed counterclaimed, maintaining that he has exclusive rights to the mark as the founder and manager of the group. The

district court entered summary judgment in favor of Reed. We affirm.

### STANDARD OF REVIEW

▮ This court reviews a district court's grant of summary judgment de novo. *Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998). Viewing the evidence in the light most favorable to the nonmoving party, the appellate court determines whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See id.* The district court's entry of a permanent injunction is reviewed for an abuse of discretion or application of erroneous legal principles. *See Easyriders Freedom F.I.G.H.T. v. Hannigan,* 92 F.3d 1486, 1493 (9th Cir.1996).

### DISCUSSION

Robi first contends that the district court erred when it denied her motion for a continuance under Fed. R. Civ. Pro. 56(f) and granted Reed's request for a protective order under Fed. R. Civ. Pro. 26(c). We review such decisions for an abuse of discretion. *See Citizens Comm'n on Human Rights v. FDA,* 45 F.3d 1325, 1329 (9th Cir.1995). Robi failed to show that the discovery she sought, which was very burdensome, was material to her claim of right to the service mark. We therefore find no abuse of discretion, and turn to the merits of Robi's appeal.

Martha Robi asserts that she obtained exclusive rights to "The Platters" name through an assignment from her husband Paul Robi. As an initial matter, Martha Robi's rights are derivative of her husband's rights.

▮ Paul Robi's rights derive from his membership in the singing group The Platters, of which he was a member when the group achieved fame. Paul Robi remained a member until 1965. Herb Reed, on the other hand, has been continuously associated with The Platters since 1953, a year before Paul Robi joined the group. As the district court noted, Herb Reed is the only member of the group who remained as the others left and were replaced.

In 1974, when the California Superior Court found the assignment of rights to FPI invalid, that court recognized that "until January 1956, the name the 'Platters' was owned by five individuals comprising a group as a partnership." *The Five Platters, Inc. v. 12319 Corp.,* Superior Court of the State of California for the County of Los Angeles, No. C 43926. Thus, prior to 1956, the group, which included Reed and Robi, owned the mark collectively. Because the 1956 purported transfer of the rights to the mark to FPI was held invalid, *see Robi v. Five Platters, Inc.,* 838 F.2d 318 (9th Cir.1988); *Robi v. Five Platters, Inc.,* 918 F.2d 1439 (9th Cir.1990), the group maintained collective rights to the mark even after the purported transfer. As the district court documents indicate, Herb Reed was asserting his right to use the name in the early 1980s, and he continued to do so thereafter. Martha Robi, on the other hand, first used "The Platters" name in 1988, well after Herb Reed's use began in the 1950s; his claim to the name was asserted at least in the early 1980s.

Neither the Supreme Court nor the Ninth Circuit has directly discussed the status of a trademark for the name of a musical group when one of its members departs and continues to perform under the group's name. Courts that have confronted this problem have determined that members of a group do not retain rights to use the group's name when they leave the group. *See, e.g., HEC Enters., Ltd. v. Deep Purple, Inc.,* 213 U.S.P.Q. 991 (C.D.Cal.1980) (former members of a group prohibited from performing under the band's name when members of the original group, with certain replacement members, continued to use the name); *Kingsmen v. K–Tel Int'l, Ltd.,* 557 F.Supp. 178 (S.D.N.Y.1983) (holding, *inter alia,* that the former lead singer of The Kingsmen, who was with the group when it

recorded the hit song "Louie Louie," did not have the right to use the name after his departure). It has been held also that there is no inalienable interest at stake that would attach to the departing member. *See Giammarese v. Delfino*, 197 U.S.P.Q. 162, 163 (N.D.Ill.1977) (former member of The Buckinghams enjoined from performing under the name because he was "clearly not possessed of a sufficient proprietary interest in the name to justify his conveyance of the entire trade name for use by a new and entirely distinct musical group.") (quoting the unpublished Seventh Circuit opinion affirming the preliminary injunction); *cf. Boogie Kings v. Guillory*, 188 So.2d 445, 448 (La. App.1966) (holding that individual members of The Boogie Kings had no right to transfer exclusive rights to use the name because it belonged to the band as a whole).

On the other hand, it has also been held that a person who remains continuously involved with the group and is in a position to control the quality of its services retains the right to use of the mark, even when that person is a manager rather than a performer. *See Rick v. Buchansky*, 609 F.Supp. 1522 (S.D.N.Y.1985). In the present case, as between Reed and Paul and Martha Robi, Reed is the person who has maintained continuity with the group and has been in a position to control the quality of its services. Reed is the only surviving member of the five singers who originally began with the group in 1953. He founded the group, gave the group its name, managed the group, and is the only member who has continuously performed with the group.

In contrast, Paul Robi left the group and never returned to it; moreover, he ceased to perform at all for a period of years, and is now deceased. Martha Robi, who claims the right to use "The Platters" name by assignment from Paul Robi, has never performed with that group and does not currently perform in any capacity. She asserts the right to use the name for performances by musicians who have also never had a connection with the original group or its evolving successor.

Under these circumstances, we hold that the district court was correct in ruling that Reed had a right to use of the name to the exclusion of Robi. We adopt the holdings of *HEC Enters., Ltd.* and *Kingsmen* and hold that when Paul Robi left the group, he took no rights to the service mark with him. Rather, the mark remained with the original group. Paul Robi therefore had nothing to assign to Martha Robi. Reed, who founded the group and is the only person who has remained and performed with it from its inception, retains the right to use of the service mark to the exclusion of Robi.[1]

This holding is consistent with the basic purposes of trademark law and the Lanham Act. Allowing Martha Robi to organize a rival group called "The Platters" and allowing it to perform music as that group would lead to confusion among reasonable consumers. *See HEC Enters., Ltd.*, 213 U.S.P.Q. at 993 (holding, *inter alia*, that two bands performing under the name "Deep Purple" created a likelihood of confusion).

The judgment of the district court is affirmed.

**AFFIRMED.**

---

1. No issue has been presented concerning the rights, if any, of Reed's present group, or the other named plaintiffs, to use the Platters service mark.