223 F.3d 1026 (9th Cir. 2000)
 JONATHAN ANDREW WYNER, by and through his guardian ad litem, STEVEN MARCUS WYNER; NANCY MARIE WYNER; STEVEN MARCUS WYNER, Plaintiffs-Appellants,
v.
MANHATTAN BEACH UNIFIED SCHOOL DISTRICT; BOARD OF EDUCATION OF MANHATTAN BEACH UNIFIED SCHOOL DISTRICT, Defendants-Appellees.
 No. 98-56853
 
 Office of the Circuit Executive
 U.S. Court of Appeals for the Ninth Circuit
 Argued and Submitted April 3, 2000--Pasadena, California
Filed September 8, 2000
 Richard D. Teitel, Los Angeles, California for the appellants.
 Andrew V. Arczynski, Filarsky & Watt LLP, Ojai, California for the appellees.
 Appeal from the United States District Court for the Central District of California, D.C. No.CV-97-08344-MRP; Mariana R. Pfaelzer, District Judge, Presiding
 Before: Procter Hug, Jr., Chief Judge, Warren J. Ferguson, Circuit Judge, and Jane A. Restani,[1] Court of International Trade Judge.
 HUG, Chief Judge:
 
 
 1
 We must determine in this case the jurisdiction of the California Special Education Hearing Office (SEHO) to hearissues concerning compliance with a final order it had entered. Jonathan Wyner is a special education student within Manhattan Beach Unified School District (School District). Jonathan Wyner and his parents Steven Marcus Wyner and Nancy Marie Wyner appeal the district court's summary judgment in favor of the School District in this action under the Individuals with Disabilities Education Act (IDEA). The Wyners challenge a final administrative decision of SEHO that found it lacked jurisdiction to hold a due process hearing to decide whether the School District violated a prior settlement agreement. The precise issue in this case is whether SEHO had jurisdiction to hear issues regarding compliance with a prior order directing compliance with a settlement agreement.
 
 
 2
 The district court had subject matter jurisdiction under 28 U.S.C. S1331 and 20 U.S.C. S1415(e)(2), (e)(4) because this case arose under the Individuals with Disabilities Education Act, 20 U.S.C. S1400 et seq. We have jurisdiction under 28 U.S.C. S1291, and AFFIRM.
 
 
 3
 * On April 18, 1995 Jonathan Wyner brought a proceeding before SEHO seeking a due process hearing under the provisions of IDEA. The case was entitled Jonathan Andrew Wyner v. Manhattan Beach Unified School District, Case No. SN 910-94. A primary issue was whether the School District would continue to provide Jonathan Wyner reading and comprehension tutoring services known as ADD/VV services. ADD/VV is an acronym for Auditory Discrimination in Depth/Visualize-Verbalize, a type of tutoring in reading skills that Jonathan had received and from which he had benefitted. During the course of the hearing a settlement was reached.
 
 
 4
 The settlement agreement specifically required the School District to provide Jonathan Wyner five hours per week of ADD/VV. The hearing officer ordered the parties to abide by the terms of the settlement. The settlement agreement stated that "remedial tutoring services will be provided five (5) hours per week." The School District then provided Jonathan Wyner with ADD/VV tutoring services for forty-four minutes per day, five days a week. The services were provided in five, forty-four minute periods because the class periods at Jonathan Wyner's school lasted for forty-four minutes. For almost two years Jonathan Wyner's parents requested that the School District provide additional ADD/VV services in order to make up the sixteen minute difference between theclass periods and the weekly hourly requirement.
 
 
 5
 On June 29, 1995 the Wyners and School District staff met to prepare an Addendum to Jonathan Wyner's Individualized Education Program ("IEP"). The Addendum specified forty-four minutes per day, five days a week. On November 20, 1995 the Wyners and the School District again agreed to forty-four minutes per day, five days a week. On June 14, 1996 an annual review was conducted of Jonathan Wyner's IEP. Jonathan Wyner's father, Steven Wyner, signed the IEP document and agreed to the nature and level of services.
 
 
 6
 On May 16, 1997, Jonathan Wyner's parents initiated a SEHO due process proceeding, Case No. SN 629-97. Nine issues were raised in the proceeding. Six of the issues related to the alleged failure of the School District to comply with the April 1995 Settlement Agreement as directed by the SEHO order. The three other issues were related to the Wyner's request for a vision assessment and were ultimately withdrawn.
 
 
 7
 We are presented with whether SEHO had jurisdiction to decide the six issues related to the April 1995 Settlement Agreement. The SEHO hearing officer found that SEHO did not have jurisdiction to hear any issue related to the April 1995 order directing compliance with the Settlement Agreement. The hearing officer found that issues decided by SEHO in a due process hearing are considered final under California Education Code S56505(g) with no residual jurisdiction to enforce compliance. The hearing officer found that issues pertaining to compliance with a SEHO order must be brought before the Compliance Office of the California Department of Education pursuant to Title 5, Division 1, California Code of Regulations S4650(a)(viii)(B) and the hearing officer dismissed Case No. SN 629-97 without prejudice.
 
 
 8
 Wyner then filed an action in the district court asserting that SEHO had jurisdiction to hear the issues concerning compliance with the order the hearing officer had entered in the previous proceeding. The district court affirmed the hearing officer's ruling. The district court entered a summary judgment holding that SEHO did not have jurisdiction in Case No. SN 629-97 to enforce the terms of the order directing compliance with the settlement agreement entered into in Case No. SN 910-94.
 
 II
 
 9
 A district court's grant of summary judgment is reviewed de novo. See Robi v. Reed, 173 F.3d 736, 739 (9th Cir. 1999). Where the question under review is predominantly a question of law, the standard of review is de novo. See Hoeft v. Tucson Unified School District, 967 F.2d 1298, 1303 (9th Cir. 1992).
 
 
 10
 The Wyners argue that the hearing officer erred in finding that the order from Jonathan Andrew Wyner v. Manhattan Beach Unified School District, Case No. SN 910-94 was a final order and that the same issues could not be renewed in a new due process hearing in Case No. SN 629-97. The Wyners argue that new issues were raised by the School District's noncompliance with the settlement agreement and dis-regard of the order.
 
 
 11
 The Wyners further contend that S4650(a)(viii)(B) does not compel them to go to the California Department of Education to enforce compliance with the settlement agreement and its accompanying order. The Wyners assert that S4650(a)(viii)(B) is a state regulation and is contrary to federal or state law allowing a party to seek redress by way of a due-process hearing.
 
 
 12
 SEHO was established under California law pursuant to the requirements set forth in the IDEA that require states and local education agencies to guarantee procedural safeguards for handicapped children and their parents for free appropriate public education. Honig v. Doe, 484 U.S. 305, 310 (1988). SEHO has jurisdiction to hear "due process" claims arising under IDEA. CaliforniaEducation Code S56501(a) reads as follows:
 
 
 13
 The parent and the public education agency involved may initiate the due process hearing procedures prescribed by this chapter under any of the following circumstances:
 
 
 14
 (1) There is a proposal to initiate or change the identification, assessment, or educational placement of the child or the provision of a free, appropriate pub lic education to the child.
 
 
 15
 (2) There is a refusal to initiate or change the identification, assessment, or educational placement of the child or the provision of a free appropriate public education to the child.
 
 
 16
 (3) The parent refuses to consent to an assessment of the child.
 
 
 17
 Pursuant to the California Education Code S56501(a) SEHO is limited in its jurisdiction to the three enumerated circumstances. Failure to comply with an order emanating from a prior due process hearing is not within the specified jurisdiction.
 
 
 18
 The Wyner's point to Title 5, Division 1, California Code of Regulations S3088(a) in support of the argument that SEHO had jurisdiction. Section 3088(a) authorizes SEHO hearing officers, under limited circumstances, and upon prior approval of the General Counsel of the State Department of Education, to seek contempt sanctions. Section 3088(d) also states that "the failure to initiate contempt sanctions and/or impose expenses is not appealable." Clearly,S3088 allows a hearing officer to control the proceedings, similar to a trial judge. However, it does not extend the jurisdiction of SEHO to deal with compliance matters and does not extend the right of an appeal due to the failure of the hearing officer to initiate contempt proceedings.
 
 
 19
 Title 5, Division 1, California Code of Regulations S4650 provides the proper avenue to enforce SEHO orders:
 
 
 20
 (a) The Superintendent shall directly intervene with out waiting for local agency action if one or more of the following conditions exists.
 
 
 21
 (viii) For complaints relating to special education the following shall also be conditions for direct state intervention:
 
 
 22
 . . .
 
 
 23
 (B) The complainant alleges that the local educa tional agency . . . fails or refuses to comply with the due process procedures established pursuant to fed eral and state law and regulations; or has failed or refused to implement a due process hearing order;
 
 
 24
 . . .
 
 
 25
 (D) The complainant alleges that a handicapped pupil is not receiving the special education or related services specified in his or her Individualized Educa tion Program (IEP).
 
 
 26
 The regulations set forth above were promulgated to ensure compliance with the IDEA. Section 4650, by its plain language, was intended to address compliance claims such as those posed by Jonathan Wyner. Section 4650 does provide a mechanism for enforcement. Thus, the Wyners are not deprived of due process.
 
 III
 
 27
 The order of the hearing officer dismissing Jonathan Andrew Wyner v. Manhattan Beach Unified School District, Case No. SN 629-97 for lack of jurisdiction summarized both side's best arguments. The order also reached the correct legal conclusion.
 
 
 28
 At the hearing in the instant matter, the Hearing Officer, sua sponte, raised the issue of whether the Hearing Office had jurisdiction to hear the Petition er's (Wyner's) first six issues because they con cerned compliance with the final order of dismissal in case number SN 910-94.
 
 
 29
 The Petitioner contended that although the Hearing Office might not have the power to enforce its order, it had jurisdiction to hear the first six issues because they concerned whether the Districtabided by an agreement. The district contended that the Hearing Office did not have jurisdiction to hear the first six issues because they concerned a final order of the Hearing Office.
 
 
 30
 The Hearing Officer noted that according to Califor nia Education Code S56505(g), a special education due process hearing "shall be the final administra tive determination binding on all parties." Therefore, once a decision is rendered by this office, that deci sion is final and the same issue may not be revisited. The Hearing Officer ruled that the dismissal order in Case No. SN 910-94, in which Hearing Officer Ruderman ordered the parties to comply with their settlement agreement, was the final administrative determination of that matter by the Hearing Office.
 
 
 31
 The Hearing Officer also noted that parties may appeal a decision of the Hearing Office to a court of competent jurisdiction within 90 days of receiving the decision. California Education Code S56505(i). Additionally the Hearing Officer noted that issues regarding compliance with an order of the Hearing Office may be brought before the Compliance Office of the California Department of Education. Califor nia Code of Regulations S4650(a)(viii)(B).
 
 
 32
 Jonathan Andrew Wyner v. Manhattan Beach Unified School District, Case No. SN 629-97, Memorandum of Order at 2.
 
 IV
 
 33
 California's statutory and regulatory framework complies with the standards set forth in the Individuals with Disabilities Education Act. The SEHO Hearing Officer and the district court both were correct to find that a subsequent due process hearing was not available to address the School District's alleged noncompliance with the settlement agreement and SEHO order in a prior due process hearing. California promulgated S4650 to deal with compliance matters.
 
 
 34
 Accordingly, we AFFIRM the district court.
 
 
 
 Notes:
 
 
 [1]
 Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.