**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRIDGET GORDON,
            *Plaintiff-Appellant*,

v.

DELOITTE & TOUCHE, LLP GROUP
LONG TERM DISABILITY PLAN,
            *Defendant-Appellee.*

No. 12-55114

D.C. No.
2:11-cv-00913-
R-JCG

OPINION

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted
October 10, 2013—Pasadena, California

Filed April 11, 2014

Before: Stephen Reinhardt and Morgan Christen, Circuit
Judges, and John W. Sedwick,  District Judge.[*]

Opinion by Judge Sedwick;
Dissent by Judge Reinhardt

---

[*] The Honorable John W. Sedwick, Senior United States District Judge
for the District of Alaska, sitting by designation.

## SUMMARY[**]

### Employee Retirement Income Security Act

Affirming the district court's summary judgment, the panel held that an ERISA action was barred by California's four-year statute of limitation governing actions involving written contracts.

The panel held that under federal law, the plaintiff's claim accrued no later than the date her administrative appeal right expired, and the ERISA plan insurer's reconsideration of her claim did not revive the statute of limitation. The panel held that the ERISA plan was not estopped from asserting a statute of limitation defense based on the insurer's representation that the plaintiff could bring an ERISA action. Turning to California law for guidance, the panel held that the plan did not waive its statute of limitation defense based on the insurer's representation.

Dissenting, Judge Reinhardt wrote that the plan waived its right to invoke the statute of limitation by inviting the plaintiff to reopen her case, submit new documents, and appeal if dissatisfied.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Robert J. Rosati (argued), ERISA Law Group LLP, Fresno, California, for Plaintiff-Appellant.

Ian Seth Linker (argued), Metropolitan Life Insurance Company, New York, New York; Robert Kevin Renner, Barger & Wolen, LLP, Irvine, California, for Defendant-Appellee.

**OPINION**

SEDWICK, District Judge:

Plaintiff-Appellant Bridget Gordon ("Gordon") appeals the district court's summary judgment in favor of Defendant-Appellee Deloitte & Touche, LLP Group Long Term Disability Plan ( the "Plan"), which is insured by Metropolitan Life Insurance Company ("MetLife"), based on her failure to file the action within the applicable limitation period. The Plan is subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 ("ERISA"). We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

## I. BACKGROUND

Deloitte & Touche USA LLP ("Deloitte") offers employees long-term disability insurance through the Plan. The Plan's claims administrator, MetLife, has broad discretionary authority to make eligibility determinations. Under the Plan, an employee is entitled to long-term disability benefits if she is otherwise qualified and meets the

Plan's definition of "disabled." Benefit payments for disabilities due to mental illness are limited to twenty-four months under the Plan.

Gordon worked for Deloitte until October of 2000. Around that time, Gordon learned that she was HIV positive and claimed she could no longer work due to depression. MetLife determined that she was eligible for disability benefits under the Plan and began paying benefits effective March 3, 2001. MetLife paid benefits through December of 2002, but gave notice that it had terminated further payments in a January 2, 2003 letter. The letter recounted that Gordon's treating physician had advised on December 19, 2002 that Gordon had not been seen in over three months and had failed to appear for her last scheduled appointment. The letter also indicated that Gordon had not responded to calls from MetLife personnel. The letter then explained that the benefits were terminated because Gordon had failed to furnish continuing proof of disability as required by the Plan. The letter gave Gordon 180 days from receipt of the letter in which to send a written appeal to MetLife.

On January 9, 2003, Gordon appealed the termination. After reviewing the medical information submitted in support of her continuing claim for disability benefits, MetLife denied her claim in a letter dated March 17, 2003. The letter reviewed the supporting information at length before concluding that Gordon did not meet the definition of disabled under the Plan, because the documentation did not substantiate the proposition that she was unable to perform the essential duties of her job. The letter informed Gordon that she had 180 days to appeal the decision.

On October 15, 2003, Gordon appealed, arguing that she was disabled due to severe and debilitating depression. In a November 4, 2003 letter, following MetLife's review of the information submitted and a review by an independent physician consultant, MetLife informed Gordon that additional benefits had been approved for the limited period of January 1, 2003 through March 2, 2003, because she was disabled during that period by her major depression. The letter explained that under the Plan Gordon's benefits were limited to twenty-four months because her disability stemmed from a mental illness, and noted her twenty-four months ended on March 2, 2003. Once again Gordon was advised that she could appeal the decision within 180 days.

Gordon failed to appeal. Indeed, she took no action for more than four years. On November 26, 2007, she called MetLife to ask whether her claim could be reopened, and MetLife informed her that her appeal deadline had passed. Gordon took no further action for an additional year and a half.

In April of 2009, MetLife received a letter from California's Department of Insurance indicating that Gordon had filed a complaint on April 12, 2009. It asked MetLife to reevaluate the issues raised by Gordon in her complaint. MetLife informed Gordon that it would reopen her claim for further review and allowed Gordon to submit any additional information that she wanted MetLife to consider.

On December 8, 2009, after reviewing Gordon's file and the additional information available, MetLife informed Gordon in writing that it was upholding its original decision to terminate her benefits based on the Plan's 24-month limitation for disabilities resulting from mental illness. The

letter set forth MetLife's analysis of the medical information and explained why MetLife had decided to maintain its original decision. The letter advised Gordon of her appeal rights, saying that she could appeal the decision within 180 days and that any appeal would be concluded within 45 days unless otherwise notified in writing. Of significance at this point, the letter also stated that if the administrative appeal were to be denied, Gordon would have the right to bring a civil action under § 502(a) of ERISA. Gordon timely appealed with a 74-page appeal letter and more than 480 pages of exhibits. MetLife wrote to Gordon's counsel on July 6, 2010, advising that it was continuing to review the file. However, on January 31, 2011, before MetLife's review was completed, Gordon filed a complaint pursuant to § 502(a) of ERISA in the district court.

The district court granted the Plan's motion for summary judgment. It concluded that Gordon's ERISA action was barred by the applicable four-year statute of limitation, as well as by the three-year contractual limitation period contained in the Plan itself. The trial court rejected Gordon's arguments that the reopening of her file in 2009 reset the statute of limitation and that the Plan waived its limitation defense or was estopped from asserting it. The district court entered judgment in favor of the Plan. This appeal followed.

## II. DISCUSSION

The standard of review applicable here is well known. We examine orders granting summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party to determine whether any genuine issue of material fact remains. *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003).

**A. Statute of limitation**

There is no federal statute of limitation applicable to lawsuits seeking benefits under ERISA. *Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program*, 222 F.3d 643, 646 (9th Cir. 2000). We therefore "look to the most analogous state statute" in the state where the claim for benefits arose. *Id.* Here, the state is California, and the most analogous statute is its four-year statute of limitation governing actions involving written contracts. *Id.* at 648. The district court concluded that Gordon's cause of action accrued on November 4, 2003, and thus that the four-year statute of limitation barred her suit.

While the statute of limitation is borrowed from state law, accrual of an ERISA cause of action is determined by federal law. *Id.* at 649. Under federal law, "an ERISA cause of action accrues either at the time benefits are actually denied or when the insured has reason to know that the claim has been denied." *Id.* (internal citation omitted). A claimant has reason to know that the claim has been denied where there has been "a clear and continuing repudiation of a claimant's rights under a plan such that the claimant could not have reasonably believed but that his benefits had been finally denied." *Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1031 (9th Cir. 2006) (internal quotation marks and citation omitted).

Gordon's claim was denied in the November 4, 2003 MetLife letter which advised Gordon that no disability benefits would be available to her after March 2, 2003, and that she would receive one final payment covering the period of January 2, 2003 through March 2, 2003. The letter explicitly stated that the last payment was made in a full and

final settlement of her claim for disability benefits under the Plan. Gordon argues that the November 4, 2003 letter did not constitute a final denial because the letter also informed her of her appeal rights, suggesting that she had further administrative remedies and that the matter was therefore not final. Assuming arguendo that the November 4 letter was not a final denial, because Gordon still had an administrative appeal option, the letter also stated that the right to appeal would expire 180 days from November 4, 2003, which meant on or about May 4, 2004.

We conclude that Gordon's right to file an ERISA action accrued no later than May 4, 2004. Gordon did not file the pending complaint until January 31, 2011. The district court correctly concluded that Gordon's ERISA action was barred by the four-year statute of limitation. That being so, it is unnecessary to consider whether her complaint is also time barred under the shorter three-year limitation period set out in the Plan.

## B. Revival of the limitations period

Gordon argues that we should apply California law regarding acknowledgment of debts to conclude that MetLife's reconsideration of her claim in 2009 revived the statute of limitation. Under California law, "[t]he acknowledgment of a debt already barred by the statute [of limitation] gives rise to a new contract and a new cause of action dating from the acknowledgment." *Eilke v. Rice*, 286 P.2d 349, 352 (Cal. 1955) (en banc). However, just as the accrual of an ERISA cause of action is determined by federal law, whether it can accrue a second time by virtue of a revived statute of limitation should also be determined by federal law.

Under Ninth Circuit law, MetLife's reopening of Gordon's claim file in 2009 does not in and of itself revive the statute of limitations. In *Martin v. Construction Laborer's Pension Trust*, 947 F.2d 1381 (9th Cir. 1991), the plaintiff sought benefits from an employee pension plan established pursuant to the Labor Management Relations Act and later amended to comply with ERISA. We concluded that the action was time-barred and rejected plaintiff's argument that the statute of limitation never commenced because the pension plan agreed to reopen his claim five years after the denial. *Id.* at 1384–86. The court noted that the plan's initial denial was unequivocal and final, the administrative remedies were exhausted, and plaintiff did nothing further for five years. *Id.* at 1386. It held that there was no basis for the conclusion that the case was kept open for five years or that the reopening of the claim commenced a new statute of limitation. *Id.*

We believe the policy behind the holding in *Martin* is obvious, salutary and important. Reviving a limitation period when an insurance company reconsiders a claim after the limitation period has run would discourage reconsideration by insurers even when reconsideration might be warranted. We hold that the statute of limitation was not revived.

## C. Estoppel

Gordon contends that the Plan should be estopped from asserting a statute of limitation defense based on MetLife's representation that she could bring an ERISA action. In certain circumstances, we have recognized the applicability of estoppel in ERISA cases to prevent an insurance company from relying on a statute of limitation or contractual limitation period as a defense. "'As a general rule, a

defendant will be estopped from setting up a statute-of-limitations defense when its own prior representations or conduct have caused the plaintiff to run afoul of the statute and it is equitable to hold the defendant responsible for that result.'" *LaMantia v. Voluntary Plan Adm'rs, Inc.*, 401 F.3d 1114, 1119 (9th Cir. 2005) (quoting *Allen v. A.H. Robins Co., Inc.*, 752 F.2d 1365, 1371–72 (9th Cir. 1985)).

Here, nothing suggests that Gordon missed the statute of limitation deadline because she detrimentally relied on any representation by MetLife. It is true that MetLife represented in its December 8, 2009 letter that Gordon could bring an ERISA action, but by then the statute had already run, and so Gordon could not have relied on that statement to her detriment.

## D.  Waiver

Gordon also contends that the Plan waived its statute of limitation defense based on MetLife's representation in the December 2009 letter. Waiver is often described as the intentional relinquishment of a known right. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991). Our cases have not yet addressed whether waiver principles apply to prevent an insurance company from raising a limitation defense in the ERISA context. In circumstances where the federal common law is not developed, courts may turn to state common law for guidance and apply state law to the extent that it is consistent with the policies expressed in ERISA. *Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1125 (9th Cir. 2002).

Turning to California law for guidance, we look to how waivers of limitation periods are dealt with in the insurance

context. Under California law, an insurance company cannot waive the statute of limitations after the limitations period has run. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1163 (9th Cir. 1995). In *Aceves*, the plaintiffs' claim was time-barred under their policy, but the plaintiffs argued that the insurance company waived its limitations defense because it investigated the claim and confirmed coverage without mentioning the time bar. The court, applying California law, stated that the insurance company could not have waived the one-year statute of limitations: "The California Supreme Court has observed that if an insurer extends the expiration date of a one-year suit provision for a claim that the insured filed and it began investigating '*after* the limitations has run, [the extension] cannot, as a matter of law, amount to a waiver.'" 68 F.3d at 1163 (quoting *Prudential-LMI Ins. Co. v. Superior Court*, 798 P.2d 1230, 1240 n.5 (Cal. 1990)).

Even if waiver were possible after the limitation period has run, the availability of waiver in the insurance context is limited under California law. Typically, waiver analysis looks only at the acts of the waiving party to see if there was an intentional relinquishment of a known right, whereas estoppel looks at the actions of the other party as well to see if that party detrimentally relied on those acts. *Intel*, 952 F.2d at 1559. However, in the insurance context, "the distinction between waiver and estoppel has been blurred." *Id.* "In cases where waiver has been found, there is generally some element of misconduct by the insurer or detrimental reliance by the insured." *Id.* We find that it is consistent with ERISA to require an element of detrimental reliance or some misconduct on the part of the insurance plan before finding that it has affirmatively waived a limitation defense.

In *Thomason v. Aetna Life Insurance Co.*, 9 F.3d 645 (7th Cir. 1993), the Seventh Circuit declined to apply waiver principles in an ERISA case to hold an insurer to its misleading representations of continued coverage. The court recognized that waiver is not typically applied without a showing of reasonable reliance on the part of the non-waiving party or a showing that there was an exchange of consideration for the alleged waiver. Therefore, it concluded that it would not provide a "something-for-nothing kind of waiver" in an ERISA action, whereby the insurance company would "be held to the terms of its misleading representations for no reason other than that it made them." *Id.* at 648–49.

Here, Gordon asks the court to hold the Plan to its representation regarding her right to sue in the December 2009 letter "for no reason other than that it made [it]." We agree with the Seventh Circuit that waiver requires something more. As discussed above, there has been no detrimental reliance by Gordon on the December 8, 2009 letter's representation. Nor was any consideration provided to MetLife for a waiver of its defense. Gordon argues that consideration came in the form of relief from the demand by the California Department of Insurance to reopen Gordon's case. At most the Department of Insurance only asked MetLife to administratively reopen the file. It did not ask—much less require, assuming the unlikely proposition that it had such power—that MetLife waive its limitation defense. Furthermore, there is no showing that MetLife acted unfairly or to its own advantage, something which might compel the court to apply an equitable waiver to prevent the Plan from asserting a limitation defense.

Gordon argues that the Plan acted to its own advantage because it failed to raise the limitations defense when it

denied her claim after the reopening of her file in 2009, citing *Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192 (9th Cir. 2010) and *Harlick v. Blue Shield of California*, 686 F.3d 699 (9th Cir. 2012). In *Mitchell*, we recognized that the insurer was required to provide the reason for denying a claim and reference the provision in the policy that forms the basis for the denial. 611 F.3d at 1199 n.2, 1200. The insurer was therefore unable to argue that the policy did not provide coverage based upon a different provision which was not cited in its denial letter to the claimant. *Harlick* involved a similar situation, where the insurance company tried to deny coverage during litigation based on a provision that it never cited when initially denying coverage during the administrative process. 686 F.3d at 719.

Such a situation is not present here. The statute of limitation was never the basis for MetLife's denial of Gordon's claim. The basis was the Plan's provision that limits benefits for disabilities stemming from mental health conditions, and that basis was clearly communicated to Gordon. While the doctrine of waiver may be applied to prevent "insurers from denying claims for one reason, then coming forward with several other reasons after the insured defeats the first" and to provide "insurers with an incentive to investigate claims diligently," such an incentive is not needed when it comes to statutes of limitation defenses. *Aceves*, 68 F.3d at 1163–64.

**AFFIRMED.**

REINHARDT, Circuit Judge, dissenting:

I cannot agree with the majority that Deloitte is entitled to invoke the statute of limitations to bar Gordon's civil action after telling her at the behest of the California Department of Insurance that it was "reopening [her] claim for further review," inviting her once again to undertake its burdensome review process, and then denying her claim in a letter stating that "you may appeal this decision [to MetLife] . . . [and in] the event your appeal is denied in whole or in part, you will have the *right* to bring a civil action under [ERISA]." (emphasis added). In my view, if the Supreme Court of California were presented with the question, it would likely conclude that by its actions Deloitte waived its limitations defense.[1] As that court has observed, "[we] have applied doctrines of waiver and estoppel to allow [insurance suits] filed *after* the limitations period expired to proceed." *Prudential-LMI Com. Ins. v. Superior Court*, 798 P.2d 1230, 1240 (1990) (emphasis added).[2]

---

[1] As the majority acknowledges, "[i]n circumstances where the federal common law is not developed, courts may turn to state common law for guidance and apply state law to the extent that it is consistent with the policies expressed in ERISA." Op. at 10. Here, that rule directs our attention to California waiver and estoppel law.

[2] A waiver occurs "whenever an insurer intentionally relinquishes its right to rely on the limitations period." *Prudential-LMI*, 798 P.2d at 1240. "An estoppel arises as a result of some conduct by the defendant, relied on by the plaintiff, which induces the belated filing of the action." *Id.* at 689–90 (quotation marks and citations omitted).

Here, we need look no further than waiver.[3]  The doctrine of waiver is grounded in equity.  In the insurance context, California courts have repeatedly emphasized that equity may impose new legal obligations on an insurer after that insurer reopens a previously denied claim.  For example, they have held that once an insurer decides to reopen such a claim pursuant to California Code of Civil Procedure § 340.9, the doctrine of equitable tolling may once again apply.  *See Ashou v. Liberty Mut. Fire Ins. Co.*, 138 Cal. App. 4th 748, 762–63 (Cal. App. 2006) (holding that, under Code of Civil Procedure Section 340.9, equitable tolling should "apply—in the context of a previously denied claim—when the insurer has agreed to reopen and reinvestigate the claim").  The majority is correct when it reports that courts have not found waiver where, after the limitations period expired, an insurer confirmed coverage without informing the insured of the existence of the limitations bar.  *See, e.g.*, *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1163 (9th Cir. 1995) (holding that the insurer could maintain a statute of limitations defense to a claim even after initially confirming coverage and failing to state that the claim might be time-barred).

The majority goes too far, however, in asserting that "[u]nder California law, an insurance company cannot waive the statute of limitations after the limitations period has run."  Op. at 11.  The cases upon which it relies deal with particular sets of circumstances not applicable here.  Although the California Supreme Court has not confronted a case like the one before us, it is likely that it would find a difference, properly recognized in equity, between *failing* to inform an insured about a potential limitations bar while initially

---

[3] For that reason, I do not address the question whether Gordon should also prevail on the ground of estoppel.

confirming coverage and *actively inviting* the insured to reopen her case, submit new documents, and appeal if dissatisfied—especially when the insurer falsely advises the insured that she continues to have the legal right to sue her insurer under ERISA at the end of the process. Unlike the cases cited by the majority, this case involves the sort of intentional, affirmative false representations by an insurer that gives rise to equitable relief such as waiver or estoppel. Certainly it cannot be said that Deloitte risked "surprise[] through the revival of claims that have been allowed to slumber" when it voluntarily reopened Gordon's case at the behest of the California Department of Insurance and then falsely told her that if she were ultimately dissatisfied she would have the legal right to sue to enforce her *rights* under ERISA.[4]  *Prudential-LMI*, 798 P.2d at 1236 (1990) (describing the purpose of the statute of limitations).

Accordingly, I conclude that Deloitte waived its limitations defense and I therefore respectfully dissent.

---

[4] To the extent the majority is correct to hold that there are no "something-for-nothing" waivers under ERISA, that rule does not control this case, as Deloitte received the benefits of complying with the request by the California Department of Insurance that it reopen Gordon's case.