**NOT FOR PUBLICATION**

MAR 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VANDANA UPADHYAY,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY, a Connecticut corporation, in its capacities as a fiduciary and an administrator of the Symmetricom, Inc. Long Term Disability Benefits Plan, an ERISA-regulated employee welfare benefit plan,<br><br>    Defendant - Appellee. | No. 14-15420<br><br>D.C. No. 3:13-cv-01368-SI<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Submitted March 15, 2016[**]
San Francisco, California

Before: McKEOWN, TALLMAN, and M. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Vandana Upadhyay appeals the district court's grant of Aetna Life Insurance Co.'s (Aetna) motion for summary judgment in Upadhyay's civil action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*. Upadhyay also appeals the district court's denial of her motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's judgment.

**1.** The district court properly granted Aetna summary judgment on the ground that Upadhyay's action was untimely under the Symmetricom, Inc. Long Term Disability Benefits Plan's (the Plan) provisions. The Plan provides: "No legal action can be brought to recover under any benefit after 3 years from the deadline for filing claims." Under the Plan's provisions, Upadhyay was required to file a claim for benefits by July 1, 2007; and the three-year contractual limitations period ended on July 1, 2010. Upadhyay, however, did not file her claim for benefits until December 13, 2010, and she did not file the present lawsuit until March 4, 2013. Therefore, Upadhyay's ERISA action is untimely under the provisions of the Plan.

We further hold that Aetna did not waive its contractual limitations defense despite failing to inform Upadhyay, in its denial letters, of the Plan's contractual limitations period for filing suit under ERISA. Under California law, an insurance

2

company cannot waive a contractual limitations defense when the limitations period has already run. *See Gordon v. Deloitte & Touche, LLP Grp. Long Term Disability Plan*, 749 F.3d 746, 752 (9th Cir. 2014) (under California law, insurer could not waive statute of limitations that had already run); *see also id.* ("[C]ourts may turn to state common law for guidance and apply state law to the extent that it is consistent with the policies expressed in ERISA."); *Scharff v. Raytheon Co. Short Term Disability Plan*, 581 F.3d 899, 901 (9th Cir. 2009) (declining to create federal common law that would require insurers to "inform claimants expressly of statutes of limitations that may bar their claims").

Therefore, Aetna cannot waive its contractual limitations defense because the Plan's contractual limitations period had *already* run at the time Aetna sent its denial letters to Upadhyay. Even if Aetna could waive the contractual limitations period, Upadhyay has not shown "an element of detrimental reliance or some misconduct" on the part of Aetna. *Gordon*, 749 F.3d at 753.

Nor does it change our analysis that the Plan's contractual limitations period ran before Upadhyay submitted her benefits application. The Supreme Court in *Heimeshoff v. Hartford Life & Accident Insurance Co.*, 134 S. Ct. 604, 611 (2013), held that parties may "agree[] by contract to commence the limitations period at a particular time," which may start before an insurer has issued its final denial of

3

benefits. Here, Upadhyay's benefits application was submitted three-and-a-half years late.

Finally, Upadhyay argues that Aetna's contractual limitations defense fails because the defense is "an impermissible attempt to circumvent" California's notice-prejudice rule. *See UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 366–67 (1999) (notice-prejudice rule bars an insurer from avoiding liability based on an untimely claim for benefits unless insurer can show actual prejudice from delay). Upadhyay cites to no authority requiring a showing of prejudice in order to prevail on a limitations defense challenging the timing of the ERISA action itself.

**2.** Because Upadhyay's ERISA claim is untimely under the Plan's contractual limitations period, we need not address whether Aetna waived its Settlement Agreement defense.

**3.** Not until her motion for reconsideration did Upadhyay argue that her suit was timely under the Supreme Court's decision in *Heimeshoff* and § 10350.7 of the California Insurance Code. We hold that the district court did not abuse its discretion by denying Upadhyay's motion for reconsideration. *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004) ("We review the denial of a motion for reconsideration for abuse of discretion.").

"A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals*, *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). The district court correctly noted that "there was no reference or citation to the California Insurance Code at all in [Upadhyay's] opposition brief."

In addition, the legal principle annunciated in *Heimeshoff*—that a controlling statute could supplant a plan's contractual limitations period—was already law in the Ninth Circuit at the time Upadhyay filed her opposition brief. *See, e.g., Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program*, 222 F.3d 643, 650–51 (9th Cir. 2000) (en banc) (remanding action to district court to determine whether the plaintiff's action was contractually barred by the plan's limitations provisions in light of California law, particularly Cal. Ins. Code § 10350.7); *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 927 (9th Cir. 2012) (explaining that California statutory law is read into insurance policies and becomes part of the contract).

The district court acted well within its discretion by declining to reconsider its prior order based on an argument that should have been raised earlier in the litigation.

**AFFIRMED.**