**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEON THOMAS, | No.    19-55937 |
| Plaintiff-Appellant, | D.C. No.<br>2:10-cv-02671-JGB-MRW |
| v. | |
| A. W. JURGENSEN, Associate<br>Warden/Acting Warden, official capacity, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| K. LOPEZ; C. ZUMKHER; JEFFREY<br>ALLEN; FRANCISCO QUINTANA, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted November 20, 2020
Pasadena, California

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: LINN,[**] RAWLINSON, and FORREST, Circuit Judges.

Appellant Leon Thomas (Thomas) appeals the district court's grant of judgment on the pleadings and summary judgment in favor of Appellee A.W. Jurgensen (Jurgensen). Thomas contends that the district court erred in finding his claim unexhausted under the Prison Litigation Reform Act (PLRA). Thomas maintains that Jurgensen consistently represented over the course of this protracted litigation that Thomas exhausted his claim.

We agree that the district court erred in granting judgment on the pleadings. Although the district court held that Thomas failed to sufficiently plead that his claim was exhausted, exhaustion under the PLRA "is not a jurisdictional requirement that the plaintiff must plead and establish. Instead [the PLRA] establishes an affirmative defense, waived if the defendant does not raise it." *Lira v. Herrera*, 427 F.3d 1164, 1171 (9th Cir. 2005) (citation omitted).

We also reverse the district court's grant of summary judgment in favor of Jurgensen because Jurgensen waived any reliance on an exhaustion defense. "[T]he defendant in a PLRA case must plead and prove nonexhaustion as an affirmative defense." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en

---

[**] The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

banc) (citation omitted). Although Thomas did not distinctly assert that Jurgensen waived any reliance on an affirmative defense of exhaustion, we may exercise our discretion to address this issue of law under our *de novo* review. *See Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1322 (9th Cir. 2012) (explaining that we have discretion to address an issue "not presented to the district court . . . when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed") (citations omitted).

The clearest statement of waiver was in Jurgensen's motion *in limine*, where he asserted that: "[Thomas'] exhausted [claim] . . . define[d] the scope of [Thomas'] action at trial and, consequently, the scope of his evidentiary presentation." Jurgensen maintained that "evidence of claims outside the scope of [the exhausted claim][was] further inadmissible because it would be unduly confusing and prejudicial." Jurgensen sought "an order precluding [Thomas] from introducing evidence or testimony regarding any claims that [were] not identified in [Thomas'] Administrative Remedy ID 566304 (AR 566304), the only exhausted claim at issue in this case." In a supporting declaration, a paralegal for the Bureau of Prisons confirmed that Thomas "exhausted the administrative remedy request regarding his request in Administrative Remedy ID 566304."

3

Although Jurgensen raised exhaustion as an affirmative defense in his answers to Thomas' complaints, Jurgensen intentionally relinquished any reliance on this defense in his motion *in limine* and supporting representations. *See Gordon v. Deloitte & Touche, LLP Grp. Long Term Disability Plan*, 749 F.3d 746, 752 (9th Cir. 2014) (describing waiver as "the intentional relinquishment of a known right") (citation omitted). Jurgensen's litigation position that Thomas' claim was exhausted waived any exhaustion defense. *See id.*[1]

**REVERSED and REMANDED.**

---

[1] Because we hold that Jurgensen waived his exhaustion defense, we need not and do not address Thomas' contentions premised on laches, equitable estoppel, and judicial admissions.