**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAYLE FLORES, | No. 22-55779 |
| Plaintiff-Appellant, | D.C. No. 8:22-cv-00897-DOC-JDE |
| v. | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted October 5, 2023
Pasadena, California

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.
Dissent by Judge COLLINS.

Plaintiff-Appellant Kayle Flores appeals the district court's order dismissing

her complaint for failure to state a claim because her suit was barred by claim

preclusion. We have jurisdiction under 28 U.S.C. § 1291, "review de novo a

district court's dismissal based on res judicata," *V.V.V. & Sons Edible Oils Ltd. v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Meenakshi Overseas, LLC*, 946 F.3d 542, 545 (9th Cir. 2019) (quoting *Stewart v. U.S. Bancorp.*, 297 F.3d 953, 956 (9th Cir. 2002)), and reverse.

"Claim preclusion requires '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)). Here, Flores concedes that claim preclusion's second and third requirements are met. Accordingly, the sole question before us is whether Flores's first and second claims against Defendant-Appellee Life Insurance Company of North America ("LINA") are identical.

> To evaluate whether claims are identical, we apply a four-factor test:
>
> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Howard*, 871 F.3d at 1039 (quoting *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012)). We do not apply these factors "mechanistically," *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 855 (9th Cir. 2016), and the fourth factor is the "most important," *Harris*, 682 F.3d at 1132.

We start by examining that "most important" fourth factor. *Harris*, 682 F.3d at 1132. Under our precedent, whether the two suits arise out of the same nucleus

of facts "*is the same inquiry as* whether the [second] claim could have been brought in the previous action." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011). To assess whether two claims could have been brought together, we apply a bright-line rule "that *res judicata* does not apply to events post-dating the filing of the initial complaint." *Howard*, 871 F.3d at 1039 (quoting *Morgan v. Covington Township*, 648 F.3d 172, 177–78 (3d Cir. 2011)). In other words, "claim preclusion does not apply to claims that accrue after the filing of the operative complaint." *Id.* at 1040. "Accrue" means to "come into existence" or become "legally cognizable." *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1021 (9th Cir. 2019) (citing *Accrue*, Black's Law Dictionary (10th ed. 2014) and collecting cases). We decide the date of accrual by using the same rules normally applied to the relevant cause of action. *See, e.g.*, *id.* at 1022 (applying 17 U.S.C. § 507, a copyright-limitations statute, to determine when a copyright claim accrues).

We conclude that Flores's two suits do not arise out of the same nucleus of facts because Flores's cause of action for her second suit—*Flores II*—did not accrue until after she filed the operative complaint in her first suit—*Flores I*. *See Howard*, 871 F.3d at 1040. A brief summary of the relevant timeline is instructive. Flores applied for short-term disability ("STD") benefits in July 2018. LINA denied Flores's claim for STD benefits in October 2018. Flores filed *Flores I* in

3

May 2020, alleging breach of the STD policy and the implied covenant of good faith and fair dealing. Even though Flores had not yet filed a claim with LINA for long-term disability ("LTD") benefits, she also sought to recover LTD benefits in *Flores I*, arguing that filing an LTD claim with LINA would be futile. She amended that complaint in January 2021 to include a claim under the Employee Retirement Income Security Act ("ERISA"). The district court ultimately determined that Flores was entitled to STD benefits, but denied her request for LTD benefits "because she failed to comply with the LTD Policy's Proof of Loss provision," which "is a condition precedent to payment of benefits." In October 2021, after the district court entered final judgment in *Flores I*, Flores applied for LTD benefits. LINA denied Flores's claim for LTD benefits in April 2022. Flores filed *Flores II* a few days later, alleging violations of California contract law and ERISA.

We have held that "an ERISA cause of action accrues either at the time benefits are actually denied or when the insured has reason to know that the claim has been denied." *Gordon v. Deloitte & Touche, LLP Grp. Long Term Disability Plan*, 749 F.3d 746, 750 (9th Cir. 2014). Similarly, "California courts have long held that an insured's cause of action against an insurer accrues upon receipt of the insurer's unconditional denial of liability to the insured." *Harris v. Prudential Ins. Co. of Am.*, 93 F. App'x 139, 140 (9th Cir. 2004); *accord Cusano v. Klein*, 264

4

F.3d 936, 947 (9th Cir. 2001) ("To determine when a cause of action accrues, we look to state law."); *Neff v. N.Y. Life. Ins. Co.*, 30 Cal. 2d 165, 170 (1947) (holding that "an unconditional denial of liability to the insured [gives] rise to an immediate cause of action"). In short, under both rules, an insured's claim against an insurer accrues when the insurer denies benefits. *See Gordon*, 749 F.3d at 750; *Neff*, 30 Cal. 2d at 170. It follows that Flores's cause of action in *Flores II*— her LTD case—did not accrue until LINA denied Flores's LTD claim in April 2022. *See Gordon*, 749 F.3d at 750; *Neff*, 30 Cal. 2d at 170. Because the claims in *Flores II* accrued in April 2022, they could not "have been brought" in January 2021, when Flores filed her amended complaint in *Flores I*. *Howard*, 871 F.3d at 1040.

Because the common nucleus factor is the most important, "[w]e have repeatedly found it to be outcome determinative," and need not consider the other criteria. *Media Rts. Techs.*, 922 F.3d at 1028–29. We took the same approach in *Media Rights*, concluding that claims that accrued after the plaintiff filed the lawsuit were not barred by claim preclusion without analyzing the other factors. *Id.* at 1024. At bottom, *Flores I* and *Flores II* could not have been tried together because the latter suit involves Flores's eligibility for benefits that she applied for after a judgment had been rendered in the former suit. *See Howard*, 871 F.3d at 1040.

5

The dissent argues that the district court in *Flores I* "squarely held" that Flores was not entitled to LTD benefits, which bars *Flores II*. But the dissent overstates the nature of the district court's LTD conclusion in *Flores I* and, by extension, its preclusive effect. The district court in *Flores I* determined that Flores was not entitled to LTD benefits at that time because she had not complied with "a condition precedent to payment of [LTD] benefits," namely she had not submitted proof of loss and had "never made a claim under the LTD Policy." After receiving that determination, Flores did what any diligent plaintiff would have done; she went back and *complied* with the precondition that the district court stated she had missed. Flores filed a claim for LTD benefits with LINA, waited for LINA to deny her benefits, and then filed *Flores II* having complied with the proof of loss requirement. It follows that the district court's determination that Flores was not entitled to LTD benefits *before* she had complied with the terms of the LTD policy does not bar her subsequent suit for LTD benefits *after* she complied with the terms of the LTD policy. *Segal v. Am. Tel. & Tel. Co., Inc.*, 606 F.2d 842, 845 (9th Cir. 1979) (per curiam) ("A valid and final personal judgment for the defendant which rests on . . . the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff instituted after . . . the precondition has

been satisfied . . . ." (quoting Restatement (Second) of Judgments § 48.1(2) (1973))); Restatement (Second) of Judgments § 20 (2023) (same).[1]

In sum, because *Flores II* accrued after Flores filed the operative complaint in *Flores I* and the claims could not have been brought together, claim preclusion does not apply. *Howard*, 871 F.3d at 1040. The district court erroneously concluded otherwise.

**REVERSED.**

---

[1] The dissent makes hay out of the district court's invocation of California's notice-prejudice rule in *Flores I*. But the district court's finding of prejudice in *Flores I* is not nearly as broad as the dissent suggests that it is. Contrary to the dissent's suggestion, the district court found prejudice in *Flores I* "[b]ecause [Flores] never made a claim under the LTD Policy" such that "LINA did not have an opportunity to conduct a vocational review, secure updated medical records, evaluate potential offsets, or determine whether [Flores] is receiving income from another source, which may be indicative of an ability to work." That finding— which was predicated on Flores's failure to provide proof of loss under her LTD policy—has no bearing on *Flores II*, a suit that Flores filed after she submitted proof of loss under her LTD policy.

*Kayle Flores v. Life Ins. Co. of N. Am.*, No. 22-55779

COLLINS, Circuit Judge, dissenting:

In her prior lawsuit (*Flores I*), Plaintiff Kayle Flores sought the same long-term disability ("LTD") benefits, under the same policy, for the same alleged disability, for the same period, that she now seeks again in this lawsuit (*Flores II*). In the prior suit, the district court squarely held that "Plaintiff is not entitled to benefits under the LTD policy," and Flores did not appeal that adverse judgment. Unsurprisingly, the district court held that the LTD benefits claim in *Flores II* was precluded by the final judgment on the merits in *Flores I*. The majority nonetheless concludes that Flores can now obtain a do-over based on the premise that the very LTD claim that she *actually* filed, litigated, and lost in the prior case somehow had not sufficiently accrued to even allow it to be litigated in *Flores I*. Because neither law nor logic support this remarkable result, I respectfully dissent.

Because the judgment in *Flores I* was rendered by a federal court exercising federal question jurisdiction over Flores's ERISA-based claims, the preclusive effect of that judgment is determined under federal common law standards. *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Under the doctrine of "claim preclusion," the LTD claim in *Flores II* is barred if *Flores I* "(1) involved the same 'claim' or cause of action as [*Flores II*], (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Media Rts. Techs., Inc. v. Microsoft*

*Corp.*, 922 F.3d 1014, 1020–21 (9th Cir. 2019). The third element is obviously satisfied here, because the sole plaintiff and the sole defendant in the two suits are exactly the same. The other two requirements are also satisfied as well.

Contrary to what the majority suggests, *see* Memo. Dispo. at 6–7, the judgment rejecting Flores's LTD benefits claim in *Flores I* was clearly on the merits. The district court in *Flores I* applied California's "notice-prejudice rule" and held that Flores's failure to *timely* present her LTD benefits claim, as required under the policy, had resulted in actual prejudice to Defendant and thereby established a defense to liability for Flores's claim of LTD benefits. *See UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 364 (1999) (holding that ERISA does not preempt California's notice-prejudice rule). In particular, the district court concluded that Flores's failure to timely present proof of loss meant that Defendant lost "entirely" its right to conduct a *contemporaneous* medical examination of Flores. In short, *Flores I* held that it was too late to make a formal demand for benefits that should have been presented earlier.

The majority, however, ignores that important holding and instead inaccurately suggests that all of the prejudice found by the district court in *Flores I* was of a type that could readily be remedied by submitting a *late* proof of loss. *See* Memo. Dispo. at 7 n.1. In effect, the majority wrongly recharacterizes the district court's notice-prejudice ruling as if it had held that Flores had not *exhausted her*

2

*remedies* by filing a claim for LTD benefits with LINA. *See also* Memo. Dispo. at 4. Notably, Defendant's papers in *Flores I* had separately invoked *both* defenses—the notice-prejudice rule and failure to exhaust administrative remedies—but the district court's decision in *Flores I* specifically relied on the "notice-prejudice rule" and held that its requirements had been satisfied. And when the demanding requirements of California's notice-prejudice rule are met, that rule—unlike a mere failure to exhaust remedies—provides a defense on the merits, because it "generally excuse[s] the insurer from its contractual obligations under the insurance policy." *Pitzer College v. Indian Harbor Ins. Co.*, 447 P.3d 669, 706–07 (Cal. 2019); *see also Shell Oil Co. v. Winterthur Swiss Ins. Co.*, 15 Cal. Rptr. 2d 815, 845 (Cal. Ct. App. 1993).

Moreover, Flores subsequently moved for clarification and reconsideration of the district court's ruling in *Flores I*, arguing that "if the Court meant that there is no availability to LTD benefits *at all*, then that ruling should be reconsidered" (emphasis added). In response, the district court "confirm[ed] that Plaintiff is not entitled to benefits under the LTD policy," and it otherwise denied Flores's motion. This further establishes that the district court had rejected the LTD benefits claim on the merits, and had not merely denied it *without prejudice* to later renewing the claim after a subsequent exhaustion of remedies.

The last question is whether the two suits involve the same claim or cause of

action.  "We employ four criteria to evaluate whether claims are identical: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."  *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017) (citation and paragraph breaks omitted).  "These criteria are not applied "mechanistically,'" and the "fourth criterion is the most important."  *Id*. (citations omitted); *see also United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 910 (9th Cir. 1998) ("We have applied the doctrine of res judicata 'on the ground that the two claims arose out of the same transaction,' without reaching other factors" (citation omitted)).  Here, it is clear that the two actions arise from the "same transactional nucleus of facts," because Flores seeks the same LTD benefits, based on the same underlying condition, under the same policy.  In her operative complaint in *Flores II*, Flores states that "[p]ursuant to the terms and conditions of the LTD Policy, [Plaintiff] is entitled to LTD benefits" because Flores is disabled due to suffering from Cushing's disease.  This is the same claim for LTD benefits in the same language and supported by largely the same facts from the operative complaint in *Flores I*.  Accordingly, the last three of the four *Howard* criteria are all met.  And the first criterion is met as well, because the

4

judgment on the merits in Defendant's favor would be "impaired" by the do-over that Flores is attempting in *Flores II*.

In reaching a contrary conclusion, the majority misapplies the "bright-line" rule from *Howard* "that *res judicata* does not apply to events post-dating the filing of the initial complaint." 871 F.3d at 1039 (citation omitted); *see* Memo. Dispo. at 3. *Howard*'s "bright-line" rule rests on the premise that a claim that is based on "*events* post-dating the filing of the initial complaint" does not involve "the same transactional nucleus of facts." *Id*. at 1039 (emphasis added) (citations omitted); *see also Media Rts. Techs.*, 922 F.3d at 1024 (holding that, under the "separate-accrual rule" applicable under the Copyright Act, "any *sales* of allegedly infringing Microsoft products *after* April 25, 2013 [the date of filing of the prior suit], gave rise to a cause of action (the 'post-filing copyright infringement claims') as of the date of the sale—*i.e.*, at some point after April 25, 2013." (emphasis added)). Here, however, the relevant facts and events have not changed: the LTD claim asserted in *Flores II* seeks the same LTD benefits under the same policy based on the same asserted disability as in *Flores I*. *Howard*'s bright-line rule for applying the fourth criterion therefore does not apply here.

In nonetheless claiming that *Flores II* rests on new facts that give rise to a second opportunity to litigate Flores's eligibility for LTD benefits, the majority points only to the fact that, after the judgment in *Flores I*, Flores submitted a

5

formal claim for LTD benefits, which Defendant denied. *See* Memo. Dispo. at 4. According to the majority, that is when Flores's LTD benefits claim first came into existence, and, as a result, it is a different claim from the one rejected in *Flores I*. All of this is wrong. The majority mistakenly relies on the rule for establishing when a claim accrues *for statute of limitations purposes*. *See Gordon v. Deloitte & Touch, LLP Grp. Long Term Disability Plan,* 749 F.3d 746, 750 (9th Cir. 2014) (discussing accrual of an ERISA cause of action in the context of whether the action was barred by the statute of limitations). But whether the statute of limitations had technically begun to run when Flores asserted her LTD benefits claim in *Flores I* cannot alter the fact that she actually *did* assert her LTD benefits claim in *Flores I* and it was rejected on the merits. As we have recognized in other contexts, a cause of action may exist, and be capable of being asserted in a suit, even if the lenient rules governing the running of the statute of limitations would defer "accrual" for limitations purposes. *See, e.g., Cusano v. Klein*, 264 F.3d 936, 947 (9th Cir. 2001) (noting that a cause of action may sufficiently exist under state law to qualify as property of a bankruptcy estate even if accrual for statute of limitations purposes is deferred). Having litigated and lost her LTD claim on the merits in *Flores I*, Flores cannot create a new "claim" simply by filing a formal LTD claim with Defendant. The majority's allowance of such an evasion of the *Flores I* judgment is all the more inappropriate given that the *Flores I* court found

6

that Defendant was prejudiced by Flores's failure to provide *timely* proof of loss.

It may well be that the judgment in *Flores I* was wrong. But Flores did not appeal from it, and preclusion doctrines "prevent[] relitigation of wrong decisions just as much as right ones." *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 157 (2015) (citations omitted). *Flores I* clearly bars this suit, and the majority errs in holding otherwise. I respectfully dissent.