NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROCIO ROSALES, Assignee of Claims of Thee Aguila, Inc.,

Plaintiff - Appellant,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND,

Defendant - Appellee.

No. 24-4146

D.C. No.
2:23-cv-01569-WLH-JDE

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Wesley L. Hsu, District Judge, Presiding

Submitted May 12, 2025**
Pasadena, California

Before: OWENS, BENNETT, and H.A. THOMAS, Circuit Judges.

This case involves insurance claims disputes. Plaintiff Rocio Rosales,

insurance assignee of her husband Henry Aguila's company Thee Aguila, Inc. (TAI),

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sued Defendant insurance company Fidelity and Deposit Company of Maryland alleging violations of an insurance policy (Policy) between Fidelity and TAI covering a building (the Property).[1]  The Policy set a one-year period in which to sue following the inception of a loss (tolled during the pendency of claims).  TAI's claims were denied by Fidelity in August 2021, and Rosales sued Fidelity in December 2022.  The district court granted Fidelity's motion for summary judgment, ruling that the suit was time-barred.  We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the district court's grant of summary judgment de novo.  *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 988 (9th Cir. 2016) (en banc) (per curiam).

1.  Jurisdiction here was based on diversity, and California law governs. The Policy contains the following provision:

> No suit, demand for arbitration or other action on this policy for the recovery of any claim shall be sustainable in any court or other forum unless all the requirements of this policy have been complied with and unless commenced within twelve (12) months after the inception of the loss.

California courts have defined "inception of the loss," "as that point in time when appreciable damage occurs and is or should be known to the insured, such that

---

[1] The Property was in escrow, but the sale later fell through and Investel, the Property's owner, demolished the Property in 2021.

a reasonable insured would be aware that his notification duty under the policy has been triggered." *Prudential-LMI Com. Ins. v. Super. Ct.*, 798 P.2d 1230, 1232 (Cal. 1990), *as modified* (Dec. 13, 1990). The limitations period is "equitably tolled from the time the insured files a timely notice," and restarts when "the insurer formally denies the claim in writing." *Id.* One-year limitations periods have "long been recognized as valid in California." *Id.* at 1236 (quoting *C & H Foods Co. v. Hartford Ins. Co.*, 211 Cal. Rptr. 765, 769 (Ct. App. 1984)).

Fidelity notified TAI in writing that its claim for loss of rents had been denied on August 19, 2021.[2] Although TAI repeatedly sought reconsideration, such requests do not toll or restart the contractual limitations period. *Singh v. Allstate Ins. Co.*, 73 Cal. Rptr. 2d 546, 553–54 (Ct. App. 1998); *see also Gordon v. Deloitte & Touche, LLP Grp. Long Term Disability Plan*, 749 F.3d 746, 751 (9th Cir. 2014) (affirming this principle).

Rosales did not sue until December 2022, about 16 months after Fidelity denied the claim for loss of rents. As this was outside the limitations period, the suit was untimely.

---

[2] Neither TAI nor Fidelity expressly identify a date for "inception of the loss" under the Policy, when TAI's notification duty for loss of rents under the Policy was initially triggered. But the contractual limitations clock resumes running upon the written denial of a claim. *See Prudential-LMI Com. Ins. v. Super. Ct.*, 798 P.2d 1230, 1232 (Cal. 1990). Thus, at the latest, the contractual limitations period began to run following the written denial of TAI's claim in August 2021.

2.   On appeal, Rosales argues that by order of the California Insurance Commissioner, all policy deadlines (including the Policy's contractual limitations period) were tolled during California's COVID state of emergency. Fidelity argues that Rosales did not make this argument below and it is thus forfeited.

Although a relevant declaration does reference "a tolling of statutory deadlines on policyholders for claims" pursuant to the COVID state of emergency, Rosales made no argument below that the one-year limitation period was tolled because of the COVID emergency. "The usual rule is that arguments raised for the first time on appeal . . . are deemed forfeited." *Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018). That is the case here.

3. Rosales is not entitled to any payments related to the 2021 destruction of the Property by Investel. The district court interpreted the complaint as seeking to recover only $250,000 for loss of rents under the Ordinance provision. On appeal, Rosales argues that her complaint seeks damages for both loss of rents and for the 2021 destruction of the Property.

Rosales's complaint did not explicitly set out a claim for the 2021 destruction of the Property. But even if we were to consider Rosales's claim on the merits, it fails. The Policy was effective from August 2016 to August 2017. The Policy covered damage for accidents during the policy period. But the Property was intentionally—not accidentally—destroyed in 2021, four years after the end of the

policy period.  Rosales makes no cogent argument that she can recover anything from Fidelity related to the 2021 destruction of the Property.

**AFFIRMED.**